## The State v. Harris.

*Intoxicating liquors*: DESTRUCTION OF. To justify an order for the destruction of intoxicating liquors seized upon warrant, it must be found, not only that they were kept with intent to be sold, but sold in *violation of law*

*Appeal from Polk District Court.*

FRIDAY, JANUARY 25.

THIS action was commenced before a justice of the peace under Rev., §§ 1565–1567. There was a judgment entered directing the destruction of the liquors seized upon the warrant issued in the proceedings. The defendant Harris appealed the cause to the District Court, where, upon a trial, a like judgment was entered. He now appeals to this court.

*D. O. Finch* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

BECK, Ch. J. — The defendant Harris, who appeared and became a party to the proceedings, in his answer admits the ownership of the liquors seized upon the warrant, but denies that they were kept by him or any other person for the purpose of illegal sale. The cause was submitted to a jury in the district court and a special verdict in answer to the following question submitted to them was rendered: "Do you find from the evidence that the liquors in question were intoxicating and were owned or kept by defendant Harris in Polk county, Iowa, at the time they were seized, for the purpose of being sold in the State of Iowa?" The jury answered "yes." No general verdict or other finding was rendered by the jury. Upon this verdict, against objections properly interposed by defendant, the court adjudged the liquors forfeited, and ordered their destruction.

The verdict of the jury is not sufficient to support the judgment rendered thereon. It does not find that the liquors were kept for the purpose of *illegal* sale. Only such intoxicating liquors as are kept with the intention on the part of the owner or the one in whose custody they are found, of selling them *in violation of the laws of the State*, are subject to be seized and

destroyed (Rev., § 1565), and the keeping of such liquors without such intent is not prohibited. Rev., § 1559. The intent to violate the laws of the State by the sale of the liquors renders them contraband and authorizes their destruction. Unless such intent appears they cannot be reached by the law. But this essential ingredient in the character of the liquors in question to authorize their seizure and destruction is not established by the verdict of the jury, and cannot be presumed to exist. The very thing necessary to authorize the judgment, the intent to sell the liquors unlawfully, was not found by the jury. Judgment should have been arrested and a new trial ordered.

The judgment is reversed and the cause remanded to the district court for a new trial.

Reversed.