## McCrillis v. Harrison County.

1. **Former Adjudication:** FACTS CONSTITUTING: COLLATERAL ATTACK.
   In a former action between these parties, a decree was entered which
   by its terms includes and is decisive of the question in this case. But
   defendant claims that it should not be bound by the decree, because, in
   so far as it includes the question herein involved, it exceeds the relief
   asked in the case in which it was rendered:—*Held* that the claim could
   not be sustained—the decree being at most irregular, and not subject to
   attack in a collateral proceeding.

*Appeal from Harrison District Court.*

WEDNESDAY, JUNE 4.

ACTION to recover certain money paid by the plaintiff to
the defendant because of the levy of a certain ditch-tax,
which was paid under protest, and to prevent a sale of the
plaintiff's property. There was a judgment for the plaintiff,
and the defendant appeals.

*J. W. Barnhart,* for appellant.

*L. R. Bolter & Sons,* for appellee.

SEEVERS, J.—In 1874, the defendant caused to be con-
structed the "Stewart & Bryant Ditch," and levied taxes on
the property of the plaintiff and others to pay for the same.
Afterwards the plaintiff and others commenced an action to
enjoin the collection of the taxes so levied; the relief asked
in said action being that a "writ of injunction issue restrain-
ing defendants and their successors in office from collecting
said ditch-tax." It was found by the court in said action
that the plaintiffs were entitled to the relief asked in the peti-
tion; and a decree was entered enjoining the collection of "any
tax now on the (county) treasurer's books, or which may be
hereafter entered therein, known as a ditch-tax, for the pur-
pose of paying for the construction of a ditch known as the
Stewart & Bryant Ditch."

There was an appeal from said decree to this court, and the judgment of the court below was affirmed. *Brandirff et al. v. Harrison County*, 50 Iowa, 164. It is conceded, as we understand, by counsel for the appellant that, if the collection of the tax in question was enjoined by the decree in *Brandirff v. Harrison County*, this amounts to an adjudication of the question sought to be litigated in this case. But he contends that the decree in that case, properly construed, does not amount to such adjudication; and it is insisted that no such relief was asked in that case, and that no greater relief could be given than was asked in the petition. As sustaining this proposition, *Cooper v. Frederick*, 4 G. Greene, 403; *Blake v. Blake*, 13 Iowa, 40; and *Massie v. Wilson*, 16, Id., 390, are cited.

These cases are clearly distinguishable, because the decree was attacked in a direct proceeding on appeal; but this is a collateral attack, and a different rule prevails. The decree, in clear and express terms, enjoins the collection of any future tax which may be levied for the purpose of paying for the construction of the ditch. This clearly amounts to an adjudication that the defendant could not levy any tax at any time for such purpose. If the court had jurisdiction of the parties and subject matter, the defendant was estopped by judgment from levying the tax in question. It is not claimed that the court did not have jurisdiction. Conceding all that is claimed by the appellant, the decree is erroneous only, and it should have been corrected on appeal, or some other direct proceeding. Instead of this being done, the decree was affirmed by this court. It thereupon remains in full force and effect. We do not determine whether greater relief was granted than was asked or not, and content ourselves with saying that this question was not determined in the *Brandirff* case by this court.

AFFIRMED.