THE STATE v. CERTAIN INTOXICATING LIQUORS ET AL.

1. **Intoxicating Liquors:** INFORMATION FOR SEARCH-WARRANT: MUST BE SPECIFIC AS TO PERSON. An information for a search-warrant for the seizure of liquors owned or kept with unlawful intent, under § 1544 of the Code, must charge some specific person as the owner or keeper of the liquors with the illegal intent. *State v. Harris,* 36 Iowa, 136, followed.

*Appeal from Decatur District Court.*

WEDNESDAY, SEPTEMBER 17.

ACTION before a justice of the peace upon an information against certain intoxicating liquors. The defendants, Bensberg & Cheadle, were served with notice under the supposition, as we infer, that they were the owners, or claimed to be. They appeared and demurred. The justice overruled the demurrer, and on trial rendered judgment that the liquor be forfeited. The defendants appealed, and in the district court insisted upon their demurrer, and the same was by that court overruled, and the appeal was dismissed. They now appeal to this court.

*Haskett & Parrish,* for appellants.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, J.—The information was filed by one Mrs. Helen

Cole, and shows that the informer "has reason to believe, and does believe, that at the C., B. & Q. R'y Co.'s depot building in Leon, in said county, (of Decatur,) there is one barrel of whisky or wine, which is there on the platform of said depot, marked to B. & C., Leon, Iowa, which affiant believes was for the purpose of being taken to the saloon of John Golden, or some other person, unknown to affiant, for the purpose of being sold in violation of the law of Iowa, and which is there kept for the purpose of being sold in violation of law."

In our opinion this information is insufficient. The statute providing for such information is very clear. It is found in § 1544 of the Code, and is in these words: "If any credible resident of any county shall, before a justice of the peace of the same county, make written information, supported by his oath or affirmation, that he has reason to believe, and does believe, that any intoxicating liquor, described as particularly as may be in said information, is in said county in any place, described as particularly as may be in said information, owned or kept by any person named or described in said information as particularly as may be, and is intended by him to be sold in violation of the provisions of this chapter, said justice shall," etc.

The information in this case proceeded upon the theory that it was sufficient to show that the liquor was in Decatur county in some particular place described, and was intended to be sold by some one in violation of law, though not named nor described. It may be that the informer filed the best information that she could with the knowledge that she had, or could obtain before she thought that the liquor would escape. It may be, too, that the statute should have been less specific in its requirements, in order to be more effective. But we have nothing to do with such question. We must take the statute as we find it.

It is abundantly evident that the information must charge some specific person as owner or keeper with an illegal

intent.    If no one can be thus charged, the liquor is not in a condition to be forfeited.

It is sufficient, doubtless, to show that the owner intends to violate the law, or that the keeper intends to violate the law. But in this case the information shows neither.    It does not show who is the owner.    Possibly it might be inferred that the railroad company was the keeper, but there is no pretense that the railroad company intended to sell the liquor in violation of law.    If the information charges any specific person with intent to violate the law, it is John Golden; but it is immaterial whether it does or not, for it is not charged that he is either owner or keeper.

In *State v. Harris*, 36 Iowa, 136, CH. J. BECK, said: "Only such intoxicating liquors as are kept with the intention on the part of the owner, or the one in whose custody they are found, of selling them in violation of the laws of the state, are subject to be seized and destroyed."    That case arose under a statute from which the present statute was copied literally. Rev. § 1565.    The authority, then, which the court had for its ruling was derived from a provision in regard to what the information should contain.    See the section above cited. That section is cited by CH. J. BECK as authority for what is said.    The logic of the opinion undeniably is that, as the statute provides that the information must show that either the owner or keeper intends to sell in violation of law, the liquor cannot be destroyed unless the evidence shows the same thing.    The decision is unquestionably correct.

We think that the demurrer to the information should have been sustained.

                                        REVERSED.