### JUDGE v. KRIBS ET AL.

### THE SAME v. KOHL ET AL.

### THE SAME v. HERRITY ET AL.

### THE SAME v. CHRISTENSEN.

1. **Nuisance:** INTOXICATING LIQUORS: INJUNCTION: REFORMATION BEFORE HEARING. Where it appeared from the evidence that defendants had been engaged in selling intoxicating liquors contrary to law, and had kept and maintained buildings for that purpose, thus creating and maintaining nuisances, *held* that temporary injunctions should have been granted, notwithstanding defendants testified that, after notice of the hearing for the allowance of temporary injunctions had been served on them, they had reformed and quit the business. (See opinion for authorities cited.)

*Appeals from Clinton Circuit Court.*

WEDNESDAY, MARCH 9.

ACTION in equity to restrain nuisances caused by the selling and keeping for sale of intoxicating liquors: Temporary injunctions were asked, which were denied, and the plaintiff appeals.

*Henry Rickel*, for appellant.

*Ellis & McCoy*, *A. Howat* and *W. C. Grohe*, for appellees.

SEEVERS, J.—The petitions are substantially alike, and state that the several defendants were engaged in using, keeping and maintaining, and are intending to use, keep and

maintain, certain described premises, situate in Clinton county, for the purpose of unlawfully selling as a beverage therein certain intoxicating liquors, the sale of which as a beverage is prohibited by law;   *     *   .   *      and that the several defendants are now engaged in unlawfully selling, and keeping with intent to sell, such intoxicating liquors upon said premises, thereby creating and continuing a public and common nuisance.   The relief asked is that a preliminary injunction issue restraining the defendants from keeping and maintaining the nuisance, and that the same, at the final hearing, be made perpetual, and the nuisance abated, as provided by law. · The defendants filed answers, and denied each and every allegation in the petition.

I.   The only question to be determined is whether the circuit court erred in refusing to grant temporary injunctions restraining the nuisances until the final hearing.   We are required to examine the evidence and determine such question as if the application had been made to this court in the first instance.   We have examined the evidence in each case.   It is brief, readily understood, and it sufficiently appears that, prior to the day fixed for hearing the application for a temporary injunction, the defendants had been engaged in selling, in a place maintained for that purpose, intoxicating liquors as a beverage, contrary to law, and therefore were engaged in maintaining nuisances as provided by statute.   The evidence is so clear, direct and certain as to leave no room for reasonable doubt.   It is not deemed necessary to set out the evidence, or state the reasons for the conclusions reached.

II.   The several defendants were witnesses in their own behalf, and severally testified, with more or less directness, that they, after notice of the hearing for the allowance of a temporary injunction was served on them, had quit the business, and, as one of them stated, he had "reformed."   In all instances, we believe, such reformation occurred a day or two before the hearing.   It is upon this ground, we pre-

Judge v. Cribs et al.

sume, that the court refused to grant an injunction. If the nuisance is abated, there is nothing to enjoin, nor would the defendants be in any respect prejudiced if one was granted. But where it is ascertained that a person has violated the rights of another, or of the public, by erecting and maintaining a nuisance, does it necessarily follow, because he asserts that the nuisance has been abated, that a temporary injunction cannot issue? Suppose there is a small-pox hospital established and maintained in the populous part of a city, and that it is furnished with all the appliances used for properly and judiciously taking care of the patients, and that an application is made to enjoin such use, and abate the nuisance; and, upon the hearing for an injunction, the proprietor should testify that he had quit the business, and removed the patients a day or two prior to the hearing,— would the court be bound for this reason to refuse the injunction? We think not, but, on the contrary, the court, in its discretion, could restrain the party from so using the building in the future. So here it appears from the evidence that the defendants were engaged in selling intoxicating liquors contrary to law, and kept and maintained a building for that purpose. Upon being advised that an effort was about to be made to vindicate the law, they suddenly reformed and quit the business.

It appears to us that there is great reason to suppose such a reformation is not in good faith. There is also reason to believe that it was adopted as a temporary expedient. The evidence, we think, tends to so show, or, if not, this court does not feel disposed to accept the evidence of the defendants that they have ceased the unlawful sale of intoxicating liquors as conclusive evidence of such fact. Much less do we feel disposed to do so as to the future. Having been engaged in violating the law, it is not by any means certain that they will not do so in the future. The disposition to do so clearly appears, and there are heavy doubts as to the good faith of the reformation.

In principle, the applicability of the following adjudged cases cannot, we think, be questioned: *Goodyear v. Berry*, 2 Bond, 189; *Rumford Chemical Works v. Vice*, 14 Blatchf, 179; *Jenkins v. Greenwald*, 2 Fish. Pat. Cas., 37; *White v. Heath*, 10 Fed. Rep., 291. In all of these cases injunctions were asked restraining the use of a patented article, and the defendants in each case claimed that they had ceased to do so, and therefore an injunction should not issue. But it was held that this fact was immaterial, and that the plaintiff "was not obliged to rest its interest on the mere assertion of the defendant (made under oath) that he would not repeat the act of infringement."

We therefore think the circuit court erred in refusing to grant a temporary injunction, and the causes will be remanded, with directions to the court below to grant such injunctions.

REVERSED.