### SHEAR v. BRINKMAN ET AL.

1. **Appeal:** EQUITY CASE: ALL EVIDENCE MUST BE CERTIFIED: EVIDENCE WITHHELD BY APPELLEE. When a trial *de novo* is desired in this court, all the evidence offered below must be certified. And it makes no difference that appellant shows by affidavit that the appellee has possession of certain documentary evidence which he refuses to furnish for the purpose of making up the record; for it must be presumed that proper and timely application to the trial court would have resulted in the procurement of the documents. (See *Loomis v. McKenzie*, 48 Iowa, 416.)

2. **Intoxicating Liquors:** NUISANCE: ABATEMENT IN GOOD FAITH BEFORE INJUNCTION. Action against the lessor and lessee of a building to restrain a nuisance caused by selling and keeping for sale in the building intoxicating liquors. But it appearing that prior to the beginning of the action the lessor had warned the lessee to desist from selling liquors in the building, and that he did in good faith desist, and it not appearing that any liquors were sold or kept for sale at or after the service of the original notice in this case, *held* that the court below properly refused a preliminary injunction. (*Judge v. Kribs*, 71 Iowa, 183, distinguished.)

*Appeal from Chickasaw District Court*—HON. L. O. HATCH, *Judge.*

WEDNESDAY, OCTOBER 19.

ACTION to restrain a nuisance, caused by selling and keeping for sale in a certain building intoxicating liquors. A temporary injunction was asked, which was refused, and the petition dismissed, and the plaintiff appeals.

*J. H. Powers*, for appellant.

No appearance for appellee.

SEEVERS, J.—It sufficiently appears that the building in which it is claimed intoxicating liquors were sold and kept for sale, thereby causing a nuisance, which it is sought in this action to enjoin, belonged to Josephine Sieh, and it was leased to the defendant Brinkman, who at one time sold intoxicating liquors therein. Mrs. Sieh, being informed

that intoxicating liquors were being sold in the building, caused Brinkman to be notified that he must not sell any liquors in such building, and he ceased to do so prior to the service on him of the notice of the pendency of this action. Certain new leases were thereupon entered into; but whether thereunder Brinkman entered or continued in possession is uncertain. Conceding, however, that he did, there is no evidence tending to show any sales of liquor were made, or that it was kept for sale on the premises, after the execution of the new leases, or after Brinkman ceased to sell such liquors as above stated. The leases were introduced in evidence, but they are not contained in the abstract. All the evidence, therefore, is not before us, and it is difficult to say that the court erred in refusing a temporary injunction. It appears by affidavit that the defendants, or some of them, took possession of the leases, and refused to furnish them to counsel for the plaintiff. Conceding this to be so, it is immaterial. When a trial anew is desired in this court, it is essential that all the evidence introduced in the district court should be set out in the abstract; and upon proper application made to the court, it must be assumed that such evidence in all cases can be procured or supplied. *Loomis v. McKenzie*, 48 Iowa, 416.

If, however, it be conceded that the leases are immaterial, then the question is whether the court erred in refusing a temporary injunction, and this depends on the further question whether there was an existing nuisance at the time the action was commenced, or whether, conceding that one had existed, it had been voluntarily and in good faith abated. Counsel for the appellant cites and relies on *Judge v. Kribs*, 71 Iowa, 183; but we think there is a material difference between that case and this. In this case, the owner of the building, when informed of the nuisance, took steps to have it abated; and this in fact was done prior to the commencement of this action. There is nothing tending to show that this was not done in good faith. Therefore it seems to us

an injunction should not be granted against the owner of the property, who appears to have acted in good faith and with a desire to obey the law. In the cited case, it fairly appears that the defendant was not acting in good faith, and, besides this, there is no pretense that the nuisance was abated until after the commencement of the action to abate or enjoin. The judgment of the district court must be

AFFIRMED.