ECKERT v. DAVID *et al.*

**Liquor Nuisance:** INJUNCTION: PRIOR VOLUNTARY ABATEMENT. Where leased premises were used for the unlawful sale of intoxicating liquors, with the knowledge of the lessor's agent, but without such knowledge by the lessor, who was a non-resident of the state, and the lessor, upon learning of such unlawful use, in good faith caused the unlawful sales to be stopped, and the premises surrendered, and they were thereafter used only for lawful purposes, *held* that it was error to perpetually enjoin the lessor from maintaining the nuisance on the premises, and to render judgment against it for costs, though the action was begun while the nuisance still existed. (See opinion for cases followed and distinguished).

*Appeal from Worth District Court.*—HON. G. W. RUDDICK, Judge.

FILED, OCTOBER 2, 1888.

ACTION in equity, and the relief asked is an injunction to restrain the defendants from the commission of a nuisance by selling and keeping for sale intoxicating liquors in a certain building on real estate owned by the appellant. The relief asked was granted, and the brewing company appeals.

*L. S. Butler*, for appellant.

*Pickering & Hartley* and *Ed. Collin*, for appellee.

SEEVERS, C. J.—The facts are that the defendants David and Lamb entered into possession of the premises in which it is claimed the nuisance existed, and it will be conceded that they did so under a parol lease from one Knutsen, who claimed to be acting as the agent of the appellant, but whether he was authorized to lease the real estate is doubtful; but we think the appellant knew the defendants were occupying the premises. Under the evidence, however, it is uncertain whether

the appellant had knowledge that intoxicating liquors were sold or kept for sale therein. The appellant is a resident of or located in La Crosse, Wisconsin, and none of its officers had such knowledge, but possibly Knutsen had. It will be conceded that he had such knowledge, and that he was an agent of the appellant. The evidence shows that the defendants sold and kept for sale intoxicating liquors on said premises, and they failed to answer or deny the allegations of the petition, and have failed to appear. The defendants entered into possession about the first day of November, 1885, and the petition in this case was filed on the first day of March, 1886. On February 19, 1886, a notice was served on the appellant, notifying it that such petition would be filed on said day. The evidence is meager and indefinite, but we think it appears from a preponderance thereof that the appellant made efforts in good faith to compel the defendants to vacate the premises. The evidence tends to show that an action was commenced having this end in view. It further appears from a preponderance of the evidence that the defendants removed all intoxicating liquors from the premises on the twenty-seventh day of February, 1886, and surrendered possession thereof about March 6, 1886, to the appellant. As to the first fact just stated the evidence is not clear and definite, but we think the probabilities are as we have stated. From the time the defendants surrendered possession of the premises the same remained unoccupied until the latter part of July, 1886, when they were leased to one Everson, and have been used by him as a shoe-shop, and the premises were so occupied when this suit was tried in February, 1887. The appellant answered the petition on March 16, 1886, and denied that said premises were occupied as a place for the sale of intoxicating liquors, and also pleaded that the defendant had ceased to occupy the premises for any purpose. The material question is whether the nuisance had been in good faith voluntarily abated prior to the time the petition was filed, and we think the evidence so shows. It will be observed that the

appellant did not personally, nor did any of its officers, sell or keep for sale intoxicating liquors. It is only liable to the penalties of the law, if at all, because of the fact that it suffered and permitted the defendants to create a nuisance in premises owned by it. Now, if the nuisance ceased to exist by the voluntary action of the parties committing it under the circumstances above stated, in good faith, no good reason exists for perpetually enjoining the appellant from maintaining a nuisance on said premises, and rendering a judgment against it for costs. This case is more nearly like the cases of *Drake v. Kingsbaker*, 72 Iowa, 441, and *Shear v. Brinkman*, 72 Iowa, 698, than *Martin v. Blattner*, 68 Iowa, 286, and *Judge v. Kribs*, 71 Iowa, 183. As to the appellant the judgment of the district court is

REVERSED.