STATE OF IOWA v. JOHN S. FRAHM *et al.,* Appellants.

**Liquor Injunction:** EVIDENCE INSUFFICIENT. Injunction will not run against a person for the mere selling of liquor in violation of the law, independent of the place where it is sold, and hence will be refused where the evidence does not show illegal sales or keeping for sale in the place sought to be enjoined, when suit was commenced.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

|    WEDNESDAY, OCTOBER 4, 1899.

ACTION in equity for the abatement of an alleged nuisance claimed to have been caused by the keeping for sale and selling of intoxicating liquors in violation of law. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal.—*Reversed.*

*J. P. Conner* for appellants.

*P. E. C. Lally* for the State.

ROBINSON, C. J.—This action was commenced on the twenty-eighth day of November, 1895. The original petition alleged that the defendant John S. Frahm was maintaining a building on lot 1 in block 7 of the incorporated town of Arion for the sale of intoxicating liquors in violation of law; that on the fourth day of October, 1895, and from that time until the filing of the petition, he had, by himself and employes, illegally sold intoxicating liquors in the place described; that his co-defendant, Tina Frahm, is the owner of the lot and the building thereon, and knows that the building is used for saloon purposes in violation of law. The hearing of the cause was commenced on the thirtieth day of December, 1896, and on that day the plaintiff filed an amendment to the petition in which it was alleged that "the place

whereon the saloon mentioned in plaintiff's petition was kept was lot 2 of block 7 of the town of Arion." On the next day the plaintiff filed a second amendment to the petition, which alleged that from the fifteenth day of June, 1895, to the thirty-first day of the next month, the defendant Frahm was continuously engaged in the sale of intoxicating liquors, and in maintaining a place wherein he kept, offered for sale, and sold such liquors, in violation of law; that his co-defendant was and still is the owner of the premises, and consented to the sales. The court found that during the months of June and July, 1895, Frahm maintained a building on lot 2, described, in which he kept for sale and sold intoxicating liquors in violation of law; that Tina Frahm, wife of her co-defendant, owned the premises, and knew of and consented to the use made of them by her husband; that at the time of the trial the defendants occupied the premises as a homestead, for the purpose of preventing the prosecution of an action for the abatement of the nuisance. The relief granted was the enjoining of Frahm from keeping or offering for sale or selling intoxicating liquors "within the state of Iowa, the Sixteenth judicial district thereof, and particularly on lot 2," and the allowance of an attorney's fee of thirty-five dollars and costs, which were made a lien on the lot, for the enforcement of which a special execution was authorized.

I. The defendants complain of the action of the court in permitting the filing of the amendments to the petition. The amendments were filed without objection, but a motion to strike the first one was overruled. We do not discover any error in that ruling.

II. The evidence shows that lot 2 and the building thereon were used for the illegal keeping for sale and selling of intoxicating liquors during nearly all of June and July, 1895, and that Mrs. Frahm owned the property, and knew of and consented to the use which was made of it. But about the first of August of that year the use of the premises for saloon purposes was abandoned, the

barroom was partitioned into four rooms, and in September, 1895, the defendants, with their three children, moved into the building, and have since occupied it as a dwelling house. For about four months before this action was commenced, and for about seventeen months before the petition was made to apply to the premises in question, they were not used for the purpose of keeping for sale or selling therein intoxicating liquors in violation of law. It appears that in July, 1895, an action to enjoin Frahm from maintaining a nuisance on the premises in question was commenced, and that an arrangement was then made between him and the county attorney that he should quit the business of selling liquor in those premises, and pay a part of the costs, and that the case should then be dismissed. The business was discontinued, as stated, and the case was dismissed. It appears that Frahm afterwards commenced the saloon business in the building on lot 1, described in the original petition, and also owned by his wife, but that fact would not authorize the relief granted in this case. We said in *Clark v. Riddle,* 101 Iowa, 270, that an injunction in such a case as this does not run against the person for the mere selling of liquor in violation of law, and that no court has jurisdiction to enjoin one from selling liquor independent of the place where it is sold. The question to be determined is, was Frahm keeping or selling intoxicating liquor illegally in the building on lot 2 when this action was commenced? The only answer which the evidence justifies is that he was not. *State v. Severson,* 88 Iowa, 714; *Eckert v. David,* 75 Iowa, 302; *Shear v. Brinkman,* 72 Iowa, 698. The judgment of the district court is REVERSED.