STATE OF IOWA v. INTOXICATING LIQUORS and ANTON GORDON, Appellant.

109 145
129 625

**Destruction of Liquor:** PRESUMPTIONS: *Evidence.* The presumption arising under Code, section 2427, from evidence that liquor was found on certain premises, that it was kept for illegal sale, cannot be overcome by proof that the owner of the premises, claiming to be a bailee and demanding restoration, did not thus keep it, but it must also be shown that no one kept it for that purpose

PARTICULAR PERSON IN POSSESSION: *Evidence.* In a proceeding to destroy intoxicating liquors kept for illegal sale, the particular person who kept it for sale need not be shown if it is in fact shown to be so kept, though Code, section 2414, may require the information in such case to name him; section 2415 providing, if it be found that the liquor, when seized, was kept by any person, whether defendant or not, for the purpopse of being illegally sold, judgment of forfeiture is to be rendered.

INSTRUCTIONS: *Harmless error.* In a proceeding to destroy intoxicating liquors kept for illegal sale, an instruction that defendant, on whose premises it was found, must prove that it was not kept for an "illegal purpose" instead of "illegal sale" is not prejudical where no claim is made that it was kept for any illegal purpose if not for sale.

*Appeal from Worth District Court.*—HON. C. H. KELLY, Judge.

FRIDAY, OCTOBER 6, 1899.

PROCEEDING against certain intoxicating liquor. There was a trial by jury, and a verdict to the effect that the liquor was owned or kept for the purpose of being sold in violation of law, and should be destroyed. Judgment was rendered for the destruction of the liquor and against Anton Gordon, in whose possession it was found, for costs. He appeals.— *Affirmed.*

. *Blythe, Markley & Smith* for appellant.

*Milton Remley,* Attorney General, for the State.

ROBINSON, C. J.—In December, 1897, A. A. Luce filed in justice's court an affidavit for a search warrant, in which he alleged that he had reason to believe, and did believe, that certain intoxicating liquors were being kept by Gordon & Hanson and Anton Gordon, in premises described, to be sold contrary to law. A search warrant was issued and served, and a return was made thereon, which showed that two bottles containing alcohol were found in the premises described, and that the bottles were in the possession of the officer, subject to the order of the court. Anton Gordon appeared in justice's court, and filed a petition, in which he alleged that he had found the liquor in one of the rooms of his restaurant; that it had been left by a lodger; that he had taken possession of it to keep it safely until such time as he should learn if he had a legal right to return it to its owner; that he had not in any respect violated the laws of the state, and had not intended to do so. He claimed the liquor as bailee, and demanded that it be returned. There was a trial in justice's court, which resulted in a verdict which found that the liquor was kept for illegal sale, and judgment was rendered against Gordon for costs. An appeal was taken by Gordon to the district court, and a trial was there had with the result already stated.

I.    The only witness for the state was the sheriff of Worth county. He testified to having found the liquor in controversy in Gordon's place of business, which was a restaurant and shooting gallery, with a lunch counter, groceries, and cigars, and that it was a place of public resort. Section 2427 of the Code provides that "the finding of intoxicating liquors in the possession of one not legally authorized to sell or use the same, except in a private dwelling house which does not include or is not used in connection with a tavern, public eating house, restaurant, grocery, or other place

of public resort, * * * shall be presumptive evidence that such liquors are kept for illegal sale." The testimony of the sheriff, with the presumption created by the statute, was sufficient proof, if not overcome by other evidence, that the liquor in question was kept for illegal sale, and that it was subject to forfeiture, and to be destroyed, under sections 2415, 2416, of the Code. Gordon testified in his own behalf that he found the liquor in the room of a lodger, and that he took possession of it. The court charged the jury as follows: "The evidence introduced upon the trial proves conclusively that the two bottles of liquor in question were found by the sheriff in the possession of Anton Gordon, upon the premises described. From such fact the law presumes that the same were kept for illegal sale. This presumption, however, is not a conclusive one, and the said Anton Gordon may rebut and remove same by proving that such liquor was not, in fact, kept for an illegal purpose. It is not sufficient for him to prove that he himself did not keep same for an illegal purpose, but he must also prove that same was not so kept by any one else. If he failed to so prove, your verdict should be that said liquor was, when seized, owned or kept for the purpose of being sold in violation of law." The defendant complains of this, and insists that there was no presumption that any one except himself owned or kept the liquor with intent to sell it contrary to law, that the law placed on him the burden of showing that he had not kept the liquor for illegal sale, and that, although the liquor might have been kept for an illegal use or purpose other than an illegal sale, yet the finding of the liquor did not authorize a presumption that it was intended for any illegal purpose excepting for illegal sale. The presumption which arose from the finding of the liquor in the premises of the defendant was that the liquor was kept by some one for illegal sale, and the burden was properly placed upon the defendant to show, not only that he did not keep the liquor for illegal sale,

but, in view of the fact that he demanded its return, he was required to show that it was not kept by any one for that purpose. Code, section 2415. The use of the term "illegal purpose" instead of "illegal sale" was not accurate, and is not to be commended, but no claim was made during the trial that the liquor was kept for any illegal purpose, if not for sale, and we are satisfied that prejudice did not result from the inaccurate use of the word "purpose" for the word "sale." What we have said in regard to the portion of the charge quoted disposes of the objections made to the fourth, and a part of those made to the seventh, paragraphs of the charge.

II. A portion of the charge was as follows: "This is a proceeding against the liquor itself, and not against Anton Gordon; but, before you should condemn the liquor itself, you should find, from the evidence introduced upon the trial, beyond a reasonable doubt, that such liquor was in fact owned or kept for sale by some person, though you need not find by whom." It is said that this was erroneous in stating that the jury need not find who owned or kept the liquor, and the case of *State v. Intoxicating Liquors*, 64 Iowa, 300, is cited in support of the claim thus made. That case arose under section 1544 of the Code of 1873, which, so far as it relates to the question under consideration, is the same as section 2413 of the Code. The case holds that it is necessary for the information to charge some specific person as the owner or keeper of the intoxicating liquor with illegal intent. It is insisted that the decision was erroneous for the reason that it disregarded, and was in violation of, section 1545 of the Code of 1873, now section 2414 of the Code, which is as follows: "The information and search warrant in such case shall describe the place to be searched, as well as the liquors to be seized, with reasonable particularity. When any liquors shall have been seized by virtue of any such warrant, the same shall not be discharged or returned to any person claiming the same, by reason of any

alleged insufficiency of description in the warrant of the liquor or place, but the claimant shall only have a right to be heard on the merits of the case." It will be noticed that the insufficiency of description to which the section refers is in the warrant, and not in the information; hence it cannot be said that there is any conflict between the section and the decision. And it is to be remembered that the decision was based on a direct attack made by demurrer upon the information. It is not claimed that the information in this case is defective. It charges that the liquor in question was kept in premises described by "Gordon & Hanson and Anton Gordon, to be sold contrary to the law of Iowa." One of the purposes of requiring that the information state the name of the owner or keeper of the intoxicating liquor is that, in case of a seizure, notice thereof may be given him, to the end that he may appear and show cause why the liquor should not be forfeited. But it is not true that the proceedings must fail if it be not found that the liquor was owned or kept for illegal sale by the person named in the information. On the contrary, if the justice or the jury, as the case may be, find that the liquor was, when seized, "owned or kept by any person, whether said party defendant or not, for the purpose of being sold in violation of" law, judgment of forfeiture is to be rendered. Code, section 2415. The proceeding is primarily against the liquor, and the question of chief and controlling importance to be determined is whether the liquor was kept for the purpose of selling it in violation of law. It is important to determine who owned or kept it only when the owner or keeper resists unsuccessfully a judgment of forfeiture, for the purpose of taxing costs. In this case there was no doubt whatever that the defendant kept the liquor when seized. He states, in his petition and in his testimony, that he was keeping it at that time. There was no occasion, therefore, for the jury to determine that fact. If the liquor was found to have been kept for illegal sale, his liability for costs was fixed.

III. Other questions are discussed in argument, but are not of such importance as to deserve special mention. The evidence was sufficient to justify the verdict, and we do not discover any reversible error in the record. The judgment of the district court is therefore AFFIRMED.