WILLIAM OHLROGG v. THE DISTRICT COURT OF WORTH COUNTY, IOWA, AND CLIFFORD P. SMITH, JUDGE.

**Intoxicating Liquors:** INJUNCTION: CONTEMPT. A decree enjoining defendant from illegally selling liquors in a certain building was not void, depriving the court of jurisdiction to punish for contempt, because reciting that defendant was not the owner of the premises during the time of such sales and that since that time the same had been sold and possession given.

*Certiorari to Worth District Court.*— HON. CLIFFORD P. SMITH, Judge.

THURSDAY, APRIL 14, 1904.*

THE plaintiff was adjudged guilty of contempt for the violation of a decree restraining him from the unlawful sale of intoxicating liquors. This is a *certiorari* proceeding to determine the validity of that decree.— *Dismissed.*

*Cooper, Clemons & Lamb* and *W. A. Willing,* for plaintiff.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for defendants.

SHERWIN, J.— An action was begun against the plaintiff herein for the September, 1896, term of the district court

* This and the following four cases are published out of chronological order by reason of application for rehearings.

of Worth county, charging him with the illegal sale of intox-
icating liquors in a certain building located in the town of
Grafton, in that county, and praying that he be restrained
from continuing the nuisance.  Notice of such action was
duly served upon the plaintiff, and he appeared thereto and
defended.  At the January, 1897, term of said court, the
case was finally heard, and a decree entered therein finding
that the defendant, William Ohlrogg, was maintaining a
nuisance on the premises described at the time suit was com-
menced, and perpetually enjoining him from continuing the
same.  The decree also stated that the defendant was not the
owner of the premises during the time that he was using
them for the illegal sale of liquors, and that " since said time
the premises have been sold to J. H. Hovel, and possession
thereof given."  In September, 1902, information was filed
charging the defendant, Ohlrogg, with contempt for the vio-
lation of the injunction.  The evidence clearly establishes
the fact that he maintained a nuisance in the building in
question between the date of decree and the filing of the in-
formation, and the only question remaining for our determi-
nation is as to the validity of the decree enjoining him from
so doing.

It is contended that because of the recital in the decree
that at the time of the trial the premises had changed hands,
and " possession thereof given," the decree was void, and
had no restraining force or effect.  If it be conceded, for
the purpose of this case, that the decree may fairly be con-
strued to hold that at its date the premises had in fact passed
from the control of Ohlrogg, it does not follow that the in-
junction order was void.  The court had jurisdiction of the
parties and of the subject-matter, and when it was deter-
mined upon the trial in January, 1897, that the defendant
was maintaining a nuisance in the building at the time the
suit was brought, the court had the undoubted right to re-
strain him from continuing the same.  If it had been made
to appear that the nuisance had in fact been abated by the

defendant at the time of the trial, it would then have been a matter of discretion with the court to issue the injunction, or not; depending upon its conclusion as to the good faith of the party in so doing.  *Judge v. Kribs, et al.,* 71 Iowa, 183. The record herein shows that a contract for the sale of the premises was made after the notice had been issued in the suit begun in 1896, and that, if there ever was in fact a change of possession thereof, it was not until after a temporary writ of injunction had been issued and served.  Furthermore, it clearly appears that, notwithstanding such pretended sale and change of premises, the defendant was soon again caught dispensing liquor in the same building.  The decree was not void absolutely, and, however irregular or erroneous, it was still in force and valid until set aside in direct proceedings.  *Finch v. Hollenger,* 47 Iowa, 173; *McCrillis v. Harrison County,* 63 Iowa, 592; *Blanchard v. Ware,* 37 Iowa, 305.  And when the court has jurisdiction of the parties and of the subject-matter and authority to make the order, the injunction must be obeyed, however erroneously made.  *Jordon v. Circuit Court,* 69 Iowa, 177; *State v. Circuit Court,* 98 Wis. 143; 16 Am. & Eng. Enc. of Law, 438; and cases cited.  The cases cited and relied upon by the plaintiff are not in conflict with this conclusion. There was no error in permitting an amendment to the information.

The judgment of the district court was right, and this proceeding is *dismissed.*