T. R. McCracken, et al., Appellees, v. W. H. Miller, Jr., and A. J. Clark, Appellants. Crouse Stevenson, Defendant.

Intoxicating liquors: injunction: evidence. In an action against a druggist and his landlord to abate a liquor nuisance, the evidence is reviewed and held sufficient to sustain a decree of injunction.

Same. Where a liquor nuisance was shown to have been maintained by tenants in the past, and the owner of the premises had knowledge of the situation but did nothing to remedy affairs, an injunction was properly ordered, although no nui-

sance was shown during the five months preceding the com-
mencement of the action.

*Appeal from Cherokee District Court.*— HON. GEORGE W.
WAKEFIELD, Judge.

MONDAY, FEBRUARY 12, 1906.

SUIT in equity for the abatement of a liquor nuisance.
Decree for plaintiffs, and defendants Miller and Clark ap-
peal.— *Affirmed.*

*A. C. Hobart* and *E. J. Hornibrook,* for appellants.

*A. R. Molyneux,* for appellees.

DEEMER, J.— Defendant Clark is the owner of a lot
in the town of Quimby, and Miller and Stevenson were his
tenants, as to a part of the building on said lot.   Defendant
Miller is a registered pharmacist, and he and his partner
conducted a drug store in the building occupied by them.
He (Miller) held a tax receipt from the United States gov-
ernment showing that he had paid his taxes as a retailer
of intoxicating liquors.

The building which Miller and his partner occupied was
one hundred feet long and twenty-two feet wide.   They
rented the front forty feet of the building and the cellar
thereunder.   The rear of the building was rented to a civic
society, and, while Miller and his partner did not rent the
cellar under the back part of the building, they had per-
mission from the owner (Clark) to use it in common with
him for the storage of goods.   Indeed, they owned all the
goods therein, save some potatoes and beer left therein by
defendant Clark.

Defendants Miller and Clark contend that there was
not sufficient evidence to justify the decree rendered against
them.   Aside from the possession of the government receipt
or stamp held by defendant Miller, which by Code, section

2427, is made presumptive evidence that he was selling and keeping for sale intoxicating liquor contrary to law, the testimony shows that he gave away to minors and others intoxicating liquor in the cellar rented by his firm, that liquors were found in the part of the cellar which he had the right to use, and that he both sold and gave away intoxicating liquor contrary to law. That he gave liquor to a minor without the written order of his parent or guardian in the building in question, contrary to law, is practically admitted. There is also testimony that he made sales of liquor in the building in question in violation of law. We shall not set forth the testimony at length, as this is not our custom. Surely as to Miller the testimony is amply sufficient to sustain the decree.

As to the owner, Clark, the testimony is not so strong. He is a farmer living close to the town of Quimby, and was almost a daily visitor to Miller's store. He placed and kept liquor in that part of the cellar which he authorized Miller to use. This liquor was sold or given away by Miller, contrary to law. Clark says, however, that he did not know of this. The presence of the liquor in this part of the cellar, with the testimony that Clark owned it, is presumptive evidence that it was kept there for illegal sale. *State v. Intox. Liquors,* 109 Iowa, 147.

Clark says that he quit drinking beer something like three years before this action was commenced, that the liquor he kept in the cellar was a present to him, and that he did not know Miller was giving it away, or otherwise disposing of it, until it was gone; but he also said that he might have put other liquor than this particular case in the rear part of the cellar.

Clark was present at Miller's store nearly every day, and in view of his joint occupancy of the rear end of the cellar, and of his keeping beer therein, he must have known what was going on, and of what was being done with his beer.

The rear part of the cellar was unquestionably a nuisance in any event, and the decree of injunction without order of abatement was properly entered. *Carter v. Bartel,* 110 Iowa, 213; *Gray v. Stienes,* 69 Iowa, 124; *Martin v. Blattner,* 68 Iowa, 286; Code, section 2410; *Morgan v. Koestner,* 83 Iowa, 134.

There was some testimony to the effect that defendant Clark knew that Miller was giving his beer away, contrary to law, although the reputation of the place was not in itself sufficient to give him notice of the illegal character of the business transacted there.

Appellants further say that, as no nuisance is shown to have existed since July, 1903 (this action having been commenced in December of the same year), no injuctional decree should have been awarded. But it appears that defendants were still in business at the same place, that they had not closed out, and that the owner of the building did nothing after knowledge of the situation toward bettering affairs. The case in this respect is ruled by *Judge v. Kribs,* 71 Iowa, 185; *Elwood v. Price,* 75 Iowa, 230, and other like cases.

As the case is to be affirmed, appellees' motion for attorney's fees must be sustained, and the clerk of this court will tax as part of the costs the sum of $25 for plaintiff's attorney.

The decree seems to be right, and it is *affirmed.*