HARRY BARR, Appellant, v. S. F. NEEL ET AL., Appellees.

**Intoxicating liquors:** NUISANCE: INJUNCTION. Where the evidence showed that the defendant charged with maintaining a liquor nuisance conducted a restaurant, an injunction could not properly run against him, on the theory that he had violated the statute defining a bootlegger to be one who carries intoxicants around for unlawful sale.

**Same:** DENIAL OF WRIT. The court in its discretion may deny an injunction restraining the illegal sale of liquor, where it is shown that the defendant has in good faith quit the sale and thus abated any nuisance previously existing upon the premises used or occupied by him.

**Same:** TAXATION OF COSTS. In cases where suit to enjoin a liquor nuisance brought by an individual fails the costs, under the statute, are taxable against the county.
Weaver, J., dissenting.

*Appeal from Jasper District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, JUNE 7, 1911.

SUIT in equity to restrain defendant Neel from conducting an alleged liquor nuisance. The owner of the building was made a party defendant and the premises upon which the alleged nuisance was alleged to exist was also joined as a defendant. A temporary writ of injunction issued early in July of the year 1909, but the case was not heard on its merits until March of the year 1910, when, after hearing the testimony, plaintiff's petition was dismissed, and the costs were taxed to Jasper county. Plaintiff appeals. *Affirmed.*

*M. S. Odle* and *M. R. Hammer,* for appellant.

*McClain & Campbell,* for appellees.

DEEMER, J.—Defendant Neel was the owner and proprietor of a restaurant and lunch counter in the city of Newton, and in connection therewith sold what are familiarly known as "soft drinks." Among other things he sold as a beverage what is called in the record "Pabst Mead," which the testimony shows contained 1.87 percent of alcohol. This was sold in the belief that it was a non-

intoxicant and with the implied, if not express, consent of the police officials of the city. Certain residents of the city concluded that the sale of this liquor was contrary to law, and they had an analysis of it made. Following this analysis, a search warrant was sworn out, and all of the beverage then in defendant's possession was seized and finally condemned. This was before the commencement of this action. As soon as defendant learned that the liquid contained alcohol and could not lawfully be sold, he quit handling the same, and has at no time since sold or kept for sale intoxicating drinks. Close upon the issuance of the search warrant this action was commenced by the service of an original notice. The trial of the case was not had until about eight months thereafter, and the trial court dismissed the petition upon the theory that defendant had in good faith abated the nuisance and abandoned the sale of intoxicating liquors.

I. Plaintiff says that defendant should have been held under what is known as the "bootleggers" statute, reading as follows: "Any person who shall, by himself,

1. INTOXICATING LIQUORS: nuisance: injunction.

or his employee, servant or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquor as herein defined, with intent to sell or dispose of the same by gift or otherwise, in violation of law, shall be termed a 'bootlegger.'" Code Supp. 1907, section 2461-a. This is upon the theory that as the testimony did not specifically identify the place of sale, it did establish the fact that defendant was a bootlegger, and should have been enjoined under this statute. But we can not lend our assent to such a doctrine. The testimony shows that defendant Neel ran a restaurant and lunch counter, although the exact description by lot and block was not given; but this does not bring him within the terms of the statute quoted. This is too clear for argu-

ment, and to add anything to the mere statement is superfluous.

In this connection, however, it may be stated that in view of the failure of plaintiff to establish the maintenance of a nuisance at any given place the trial court might well have denied the relief asked. *State v. Schuler,* 109 Iowa, 112; *Clark v. Riddle,* 101 Iowa, 270; *State v. Frahm,* 109 Iowa, 101.

II. The trial court may well have found that as soon as defendant's right to handle the beverage was challenged he quit the sale thereof, and abated whatever nuisance
2. SAME: denial    theretofore existed upon any premises used
    of writ.       or occupied by him. An order denying an injunction in such a case is well within the sound discretion of the trial court, and we do not ordinarily reverse when such a finding is made. *Sawyer v. Termohlen,* 144 Iowa, 247; *Ohlrogg v. Smith,* 126 Iowa, 247, and cases cited. We see nothing to indicate defendant's lack of good faith, and no reason appears for setting aside the decree.

III. Complaint is made because the costs were taxed to the county, or rather because they were not taxed to the defendant. The owner of the property, although ostensibly
3. SAME: taxa-    made a party, was not served with notice,
   tion of costs.  and the testimony, as we have seen, does not sufficiently identify the alleged nuisance. There was nothing then under this record to abate, and, as no decree could in any event have been rendered, we are not disposed to change the order as to costs. The statute says that, if the prosecution fails, the costs shall be paid as in criminal cases (Code, section 2412); that is, paid by the county. Here the prosecution failed, and there was no error in the taxation of costs.

No reason appears for disturbing the decree, and it is *affirmed.*

WEAVER, J., dissenting.