DANNER V. HOTZ *et al.*

1. **Intoxicating Liquors** : NUISANCE : ABATEMENT : PARTIES ONLY
   BOUND.  In an action to enjoin and abate as a nuisance a place
   where intoxicating liquors were unlawfully manufactured and
   sold, the court ordered an abatement, and that the furniture,
   fixtures and movable property on or about the premises used in
   the unlawful business be removed and sold, and the proceeds
   applied to pay the fines and costs adjudged against defendants ;
   also that the building should be closed for one year.  The defend-
   ants had only a life estate in the realty, and those entitled to the
   remainder were not made parties.  *Held* that the decree, so far as
   it ordered a sale of the fixtures, was erroneous, and that, if the life
   estate ended within the year, the decree as to the closing of the
   building would, at the same time, cease to be operative.

2. ——— : ——— : ABATEMENT : PRIOR CESSATION.  In such case,
   where the defendants maintained the nuisance for more than two
   years after the action was begun, but ceased the unlawful business
   about three weeks prior to the hearing, *held* that they were never-
   theless properly enjoined, and an order of abatement was prop-
   erly made.  ( Compare *Judge v. Kribs*, 71 Iowa, 183.)

*Appeal from Johnson Circuit Court.*

FILED, MAY 11, 1888.

ACTION in equity to enjoin a nuisance caused by
keeping a place for the sale and manufacture of intoxi-
cating liquors as a beverage in a building situate on
certain real estate which is sufficiently described.  The
relief asked was granted, and the defendants appeal.

*Boal & Jackson*, for appellants.

*L. Robinson* and *Remley & Remley*, for appellee.

SEEVERS, C. J.—The court ordered the abatement
of the nuisance, and that the furniture, fixtures and
movable property on or about the premises, used in
carrying on the unlawful business, be removed there-
from and sold, and the proceeds applied to the payment

of costs, and all fines adjudged against the defendants. It was further adjudged that possession should be taken of said building, and the same be securely closed for one year as provided by law. This case is triable anew in this court, and the question is whether the judgment of the circuit court can, under the pleadings and evidence, be affirmed; and, if not, whether any decree can be rendered herein.

I. The petition and amendment thereto state that the real estate is owned by certain named persons, who

1. INTOXICATING liquors: nuisance: abatement: parties only bound.

are made defendants in this action, and that Barbara Hugel had or claimed an interest in the property described in the petition, and at her death such interest was inherited by Benjamin Hugel and his minor children, neither of whom was served with notice, or made parties to this action. Because of the averments of the petition, it was not demurrable for the reason that the Hugel heirs were not made parties; but the other defendants had the right to object, at the hearing, to any decree being rendered, if such heirs were necessary parties. *Forbes v. Delashmutt*, 68 Iowa, 164. As this case is triable *de novo*, such objection may be made in this court. One of the defendants, Barbara Hotz, has a life estate in one-half of the property, under the will of Simon Hotz, who owned it at his death. We are unable to discover any sufficient evidence in the record that the personal and movable property referred to in the decree came into the possession of said Barbara under or by virtue of the will, and, therefore, are unable to say that the Hugel heirs have any interest therein. As to such property, we are of the opinion that the decree can and should be affirmed. But as to fixtures attached to the real estate, wethink a different rule must prevail. It satisfactorily appears from the evidence that Barbara Hotz has a life estate only in the real estate, and at her death it will become the property of the Hugel heirs and others. If such fixtures are detached and removed from the building, it may be safely assumed that the value of the real estate will be lessened, and the rights of the persons

owning the remainder of the property permanently affected to a greater or less extent. This should not be done until the proper persons have been served with notice, and had their day in court. The duration of the life estate is uncertain. It may expire within one year, or exist for a longer period. The decree of the court closing the building is correct if the life estate continues for that length of time. If such estate should expire within one year, the decree will cease to be operative at that time, for the reason that the owners of the property upon the expiration of the life estate have not been made parties to this action, and, therefore, their rights cannot be prejudicially affected.

II. It is insisted that the evidence is insufficient to justify the decree of the circuit court, or any other decree. It fully appears that sales of beer were made on said premises, and the same kept for sale, and that a nuisance was thereby created. This action was commenced in July, 1884, and tried in October, 1886, and beer was manufactured and sold on said premises until about three weeks prior to the time last named, when the defendants ceased to do business on the premises. The fact that sales were made for two years after this action was commenced, thereby continuing the nuisance for that time, and that such sales ceased about the time this case was reached for trial, brings it within the rule established in *Judge v. Kribs*, 71 Iowa, 183.

2. ——: ——: abatement: prior cessation.

The constitutionality of the statute is assailed, but this cannot any longer be regarded as an open question.

This cause will be remanded to the court below, with directions to enter a decree in accordance with this opinion, or, if either party so elects, a decree will be entered in this court.

MODIFIED AND AFFIRMED.