Halfman v. Spreen.

## HALFMAN *et al.* v. SPREEN.

**Liquor Nuisance :** INJUNCTION AFTER VOLUNTARY ABATEMENT : GOOD FAITH. An action to abate and enjoin a liquor nuisance was begun May 19, 1886. The cause was not tried until February 3, 1888. Defendant was maintaining the nuisance when the action was begun, and continued to do so until four days before the trial. *Held* that such recent reformation was no ground for refusing, upon the hearing, a perpetual injunction of the nuisance, and such other orders as would effectually abate it. ( *Judge v. Kribs*, 71 Iowa, 183, and *Danner v. Hotz*, 74 Iowa, 389, *followed* ).

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, OCTOBER 3, 1888.

ACTION in chancery to restrain and enjoin defendant from maintaining a nuisance by keeping a saloon wherein are sold intoxicating liquors in violation of law. The district court entered a judgment against defendant for costs, but dismissed the petition of the plaintiff and intervenor. The intervenor Andrews appeals.

*Newman & Blake,* for appellant.

No appearance for appellee.

BECK, J.—I.  The plaintiff Andrews became a party
to the action upon his petition of intervention.  The
original petition was filed May 19, 1886, and the inter-
venor's petition was filed July 7, 1886.  The defendant,
in his answer, admits that when the original petition
was filed he kept a saloon in the building therein
described, but he alleges that when his answer was filed,
February 3, 1888, he had quit the business, and was not
then keeping a saloon.  The evidence shows that until a
motion for a temporary injunction was made in this
case, on the third day of February, 1888, defendant was
engaged in keeping the saloon as he had been when the
action was commenced, but that after that date he quit
selling intoxicating liquors.  The district court, on the
ground, doubtless, that defendant, at the time of the
trial, February 3, 1888, was not engaged in selling
intoxicating liquors, and had not been after January 30,
1888, dismissed the petition, declining to enter a decree
providing for the abatement of the nuisance, but entered
a judgment against defendant for costs, including fees
allowed to plaintiff's counsel.  Defendant does not
appeal, and no question therefore arises as to the cor-
rectness of the action of the court in rendering judgment
against defendant for costs after dismissing the petition.

II.  The district court ought, upon the evidence, to
have rendered a decree abating the nuisance, and enjoin-
ing defendant from maintaining it by the unlawful sale
of intoxicating liquors.  The evidence required such a
decree, in view of the fact that it was shown and
admitted by defendant in his answer that since the com-
mencement of the action, and up to three or four days
before he filed his answer and the trial, he had been
engaged in keeping a saloon.  The court will not hear
with favor and indulgence a defendant admit that for
years he has been engaged in the violation of the law,
and claim protection and escape from the penalties

and remedies provided for by the statute on the ground of reformation for the brief time of three or four days. Defendant admits that he did violate the law, but asks to be relieved from the restraints of an injunction on the ground that he has quit violating the law. Reformation of such brief duration, and profession of obedience to the law supported by practice of obedience for only three or four days, are not sufficiently persuasive to win confidence that the defendant will not again maintain the nuisance which he has so recently suspended. Our conclusions are in accord with our prior rulings. See *Judge v. Kribs*, 71 Iowa, 183 ; *Danner v. Hotz*, 74 Iowa, 389. The decision of the district court is reversed, and a decree will be entered in this court forever restraining defendant from unlawfully selling intoxicating liquors in the premises described in the petition, and containing such other orders as will effectually abate the nuisance. REVERSED.