A. L. Sharp v. W. B. Arnold, Appellant.

108   203
137   552

**Liquor Nuisance:** Cessation before action. An action to enjoin a liquor nuisance will not lie where the evidence is uncontradicted that, for some time prior to the beginning of the action, defendant had ceased to sell liquor. In this case no stock of liquors was retained and no government tax paid.

*Appeal from Dickinson District Court.*—Hon. W. B. Quarton, Judge.

Saturday, April 8, 1899.

Action to enjoin a nuisance caused by the sale of intoxicating liquors. From a decree granting the relief prayed, the defendant appeals.—Reversed.

*Cory & Arnold* for appellant.

*St. Clair & Reigard* for appellee.

WATERMAN, J.—The defense in this case is that no nuisance existed at the time this action was begun. The original notice was served September 8, 1897, and the petition was fild on the twenty-fifth day of the same month. The evidence shows the sale of beer by defendant on the premises at different times, the last of which was July 4, 1897. Defendant was a witness, and testified, in substance, that he had ceased selling intoxicating liquors prior to the commencement of this action; that the last sale was the one spoken of, in July. This testimony is in no way controverted. If no nuisance existed when the action was brought, plaintiff was not entitled to a decree. As tending to support this proposition, see *Shear v. Brinkman*, 72 Iowa, 699; *State v. Severson*, 88 Iowa, 714. In *Judge v. Kribs*, 71 Iowa, 183, relied upon by plaintiff, the defendant claimed to have ceased selling after the action was begun. We do not wish to be understood as holding that, in order to warrant an injunction, actual sales must be shown up to the date of the action to enjoin. But we do say that there must be some evidence of the existence of the nuisance at that time. If, in addition to the sales shown in this case, there had been evidence that defendant kept a stock of liquor, and had it on hand, when the action was brought, or that he paid the special tax to the United States government for the sale of intoxicating liquor after July 4, 1897, or if he had continued to maintain a place fitted for the sale of liquor, there would in either such case have been some evidence to show that his claim of voluntary abatement of the nuisance was a mere pretext to avoid a decree. But there was no such evidence. It is not enough to justify a decree, to show that the defendant at some time in the past has violated the law which is here invoked. The decree must be REVERSED.