MRS. A. A. DRUMMOND v. RICHLAND CITY DRUG COMPANY, M. L. THOME, ET AL., Appellants.

**Intoxicating liquors:** INJUNCTION: DISMISSAL OF ACTION. After the granting of a temporary injunction restraining the illegal sale of liquor a defendant who has rendered a final hearing necessary can not procure a dismissal of the action, on the eve of trial, by showing that he has abandoned the business.

**Same:** ATTORNEY'S FEE. On an unsuccessful appeal from a decree restraining the illegal sale of liquor the plaintiff may have attorney's fees, for taking the appeal, taxed by the appellate court.

*Appeal from Keokuk District Court.*— HON. J. T. SCOTT, Judge.

SATURDAY, FEBRUARY 9, 1907.

ACTION by plaintiff, as a resident of the county of Keokuk, to restrain the defendants from maintaining a liquor

nuisance. Decree for plaintiff, from which defendant, M. L. Thome, appeals.—*Affirmed.*

*Stockman & Hamilton,* for appellant.

*C. M. Brown,* for appellee.

McCLAIN, J.— The petition contains the usual allegations, charging defendant M. L. Thome, doing business under the name of the Richland City Drug Company, with keeping and maintaining a place for the sale of intoxicating liquors in violation of law, and from day to day illegally selling intoxicating liquors at said place. The owner of the building was made a party defendant by the allegations of the original petition, and by an amendment to the petition one Frank Simmons was charged to be partner of Thome. But subsequently the action was dismissed as against the owner of the premises and Simmons. In January, 1905, a temporary injunction was granted as against Thome, and on October 27, 1905, Thome answered, alleging that he had long since sold out his drug business, in connection with which the illegal sales of liquor were alleged to have been made, and that he was not then engaged, and did not intend in the future to engage, in said business in that county, or in any other county of the same judicial district, and that he had long since discontinued the sale of liquors under the permit theretofore held by him. Wherefore he asked that the cause be dismissed on its merits, and costs be taxed in his favor, except the costs accrued up to the time of filing such answer. The case was tried on November 1, 1905, and the evidence showed without conflict that at the time the action was commenced, and also at the time the preliminary injunction was issued, defendant Thome had been illegally selling intoxicating liquors in violation of the terms of the permit issued to him as a druggist, and that during the months of July and August, and therefore after the

granting of the preliminary injunction, he was still continuing to carry on the business of a druggist and keeping liquors for sale under his permit.

The only controversy in the case is as to whether, under the showing made at the final trial, the court should have refused to grant a permanent injunction, on the ground that defendant had sold out his business and discontinued the sale of intoxicating liquors. Appellant relies upon the cases of *Patterson v. Nicol,* 115 Iowa, 283, and *Redley v. Greiner,* 117 Iowa, 679, as supporting the proposition that where the defendant has gone out of business, and has no intention of making further sales, an injunction should not be granted. But these cases are not entirely in point. In the Patterson case no temporary injunction had been granted before the trial, and defendant had applied for and obtained a decree surrendering and canceling his permit. In the Redley case there had been no temporary injunction applied for, and the evidence as to illegal sales was meager, and the action of the trial court in refusing to grant a permanent injunction was sustained. In this case, however, the evidence is beyond question sufficient to show that a temporary injunction was properly granted, and no claim was made until three days before the final trial that defendant had gone out of business, or was intending to do so, and there is no showing that he had in any way surrendered his permit. If a final injunction had been refused, and the plaintiff's bill been dismissed, the defendant might, for anything that appears in this case, have at once resumed business, and made it necessary to institute new proceedings against him in order to prevent his continuance in the violation of the law. If, in fact, defendant has in good faith sold out his business, and, as he claims, removed out of the judicial district, the injunction can be of no injury to him, except as it involves the payment of costs and attorney's fees; and we do not think that defendant is in a situation, after he has by his un-

1. INTOXICATING LIQUORS: injunction: dismissal of action.

lawful conduct made it necessary to institute an action and secure a temporary injunction, on simply making a showing on the eve of trial that he has abandoned the business, to ask that the costs involved in securing a prejudicial determination of the facts be thrown on plaintiff and that plaintiff be deprived of taxation of attorney's fees on the final hearing in his favor. Until the final trial was had it could not be known judicially whether defendant had abandoned the business or not, and having rendered a final trial necessary, it was too late for him to escape the usual consequences by showing abandonment of the business after the granting of the preliminary injunction and before trial. *Danner v. Hotz,* 74 Iowa, 389; *Judge v. Kribs,* 71 Iowa, 183; *Halfman v. Spreen,* 75 Iowa, 309. We reach the conclusion that the trial court properly rendered a final decree against the defendant, and taxed against him in plaintiff's favor an attorney's fee of $25.

The appellee asks that she be allowed an additional

2. SAME: attorney's fees. sum as attorney's fee in this court, and to this we think she is entitled, and such additional fee will be taxed in her favor in the sum of $25.

The judgment of the trial court is therefore *affirmed.*