E. V. TUTTLE, Appellee, v. FRED BUNTING and THOMAS OCHAMPAUGH, Appellants.

**Intoxicating liquors:** NUISANCE: ABANDONMENT OF BUSINESS: INJUNCTION. Where the defendant in a suit to enjoin a liquor nuisance disposes of the property used in connection with the business, and quits the business pending the trial, there is no occasion for the issuance of an injunction, providing the court is satisfied that the defendant is acting in good faith in abandoning the business; but if the evidence of defendant's good faith is not satisfactorily established the court is justified in issuing the injunction notwithstanding the claim of abandonment. In the instant case issuance of an injunction was proper.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

MONDAY, APRIL 11, 1910.

ACTION to enjoin an alleged liquor nuisance. From a decree for plaintiff, defendants appeal.—*Affirmed.*

*L. H. Salinger,* for appellants.

*M. S. Odle,* for appellee.

DEEMER, C. J.—This is an ordinary action to enjoin the defendants from maintaining an alleged liquor nuisance in a certain building in the town of Lanesboro in Carroll County. Defendant Bunting pleaded that at the time of filing his answer he did not own the premises in which the saloon had been conducted; that he had parted with his interest therein January 14, 1909. Defendant Ochampaugh pleaded that he had been a barkeeper for his codefendant prior to July 1, 1908, but that on that day he quit the business and had not been engaged in selling liquor on the premises or at any other place. Each also filed the following pleading:

That it is now, and has been ever since the severing by each of their connection with the traffic in said liquors, their intention, held in good faith, not to re-engage in said traffic in any manner whatsoever in this judicial district or in the state of Iowa, and it is intended by this clause and by this plea to plead an abatement of all matters which the complainant has asked to be relieved against. With the purpose of giving to the complainant herein all relief and all advantage he could have, should a decree of permanent injunction issue herein, these defendants do now by this paper consent that, though no such decree shall issue, judgment shall be entered against them not only for the costs that have accrued to this time in the cause, but for all costs which could properly accrue, should a permanent decree issue, including the fee for complainant's attorney; said judgment to be entered upon computation of the clerk by the direction of the court.

On this pleading they asked that no decree be entered against them and no judgment save for costs tendered as above. The case, upon these issues, was tried to the court upon an agreed statement of facts made by and between the parties and duly filed of record in the case. In this it was stipulated and agreed:

It is stipulated and agreed by and between the parties hereto: That the cause shall be submitted to the court upon the following agreed statement of facts; the plaintiff being represented in this agreement by his attorney, M. S. Odle, and the defendants being represented by their attorneys, B. I. Salinger and L. H. Salinger. That the defendant Fred Bunting was at the time of the commencement of this action engaged in the sale of intoxicating liquors upon the following described premises, to wit, lot 1, block 13, in the town of Lanesboro, Carroll County, Iowa, and that the said Fred Bunting was the owner of the above-described premises. That Thomas Ochampaugh was a clerk and bartender for the said Fred Bunting and engaged in the sale of intoxicating liquors in said building. That, to wit, on May 4, 1908, a hearing was had against the said defendants Fred Bunting and Thos. Ochampaugh and finding made that the said defendants had been engaged at the time of the commencement of this action in the illegal sale of intoxicating liquors on said premises, and a temporary injunction issued against the said defendants, which is still in full force and effect. That on July 28, 1908, a hearing was had against the said defendants for contempt of court for violating the injunction, which was issued against them on May 4, 1908, and a finding made that the defendants had violated said injunction by the illegal sale of intoxicating liquors within this judicial district. That on or about July 1, 1908, the defendant Ochampaugh ceased to be engaged in the sale of intoxicating liquors for the said defendant Fred Bunting on said described premises, or elsewhere in any way within this judicial district. That on or about the 14th day of January, 1909, the defendant Fred Bunting sold his interest in the said liquor business, and also in the said premises, and ceased operating a saloon

and being engaged in the sale of intoxicating liquors or owning or maintaining premises used in any way in said traffic. That the said sale was to ·a party who has since, and is now, conducting a saloon and a place for the sale of intoxicating liquors on the above described premises; but no complaint has been made in any form that the successor's sales are illegal. It is also stipulated that both defendants are credible witnesses, and that the cause shall be submitted and decided as though they had testified that they had, at the time of the hearing, and when quitting the business, and now have, a good-faith intention not to re-engage in the liquor traffic in Iowa, nor to own or maintain premises in Iowa for said traffic.

The hearing resulted in a decree of permanent injunction which not only enjoined the defendants from the further sale of liquors upon the premises, but also at any other place within the judicial district. It also enjoined all persons from the illegal sale of liquors within the building in question, and Bunting was specially enjoined from permitting the unlawful sale of liquors within the building.

It was further ordered that:

The sheriff of Carroll County, Iowa, abate said nuisance, and the said sheriff is hereby ordered and directed to abate said nuisance by seizing and destroying the liquor therein and by removing from the buildings described herein all furniture, fixtures, vessels, and all movable property used in or about said premises in carrying on said unlawful business, and selling the same in the manner provided by law and by securely closing said buildings and keeping the same securely closed for the period of one year unless sooner released as by law provided, and it is ordered by the court that the abatement bond be and is hereby fixed at $1,000—ordered reduced to $700.

Judgment was also recovered against the defendants for costs and attorney's fees, which were made a lien upon the property.

Defendants complain of the decree of permanent in-

junction and also of the order for the abatement of the
nuisance. Reliance is placed upon: Redley v. Greiner,
117 Iowa, 680; Patterson v. Nicol, 115 Iowa, 284; Drum-
mond v. Drug Co., 133 Iowa, 266; Sharp v. Arnold, 108
Iowa, 203; and other like cases in support of the appeal.
On the other hand, appellee relies upon Halfman v. Spreen,
75 Iowa, 309; Judges v. Kribs, 71 Iowa, 183; Danner v.
Hotz, 74 Iowa, 391; Donnelly v. Smith, 128 Iowa, 257;
Drummond v. Drug Co., 133 Iowa, 266. The distinction
between these cases is that, in one class, the trial court
was of opinion that defendants had, in good faith, gone out
of the business, and did not intend to again re-engage
in it at the place in question or at any other place;
while, in the other class, although the defendants had ceased
the business and professed reformation, the brief time
elapsing after the reformation and before trial or other
circumstances disclosed were deemed insufficient proof of
such repentance as to secure defendants immunity from
an injunctional order. The question, after all, is largely
one of good faith. In other words, if defendants have,
in good faith, parted with the property, have quit the
unlawful business, and do not expect or intend to engage
in the business of selling liquor unlawfully, there is no
occasion for the issuance of the injunction. If, on the
other hand, there be doubt as to the defendants' good
faith or a question about their repentance, the order will
issue to assist in removing the temptation to return to old
habits. The stipulation upon which the case was tried is
peculiar. It does not say that defendants had in good faith
quit the business, but that they would testify that they had.
As against this, it appears that, after a temporary writ of
injunction had run against them, they failed to observe its
provisions, but sold liquor at the place in question in vio-
lation, not only of the law, but of the order of court. Thus
they displayed their contempt for the order of the court and
their disposition to disregard its decrees. If, after being

specifically enjoined, they still continued the unlawful sale of liquors, is there any reason to believe that their oath will be sacredly kept, even if when testifying they intended to observe these provisions? The trial court was justified in issuing the decree which was entered of record.

We may say, in closing, that it is quite an exceptional case which will justify us in disregarding the order of the trial court in such a case. Had the injunction been denied and the appeal had been taken by plaintiff, a different question would arise. In but one case has the trial court been reversed because it issued an injunction after the defendants had quit the business. That was *Sharp v. Arnold,* 108 Iowa, 203. It appeared from the record in that case, however, that the nuisance had been abated, and that defendants had ceased to sell liquors before the action was commenced. In *Patterson v. Nicol,* 115 Iowa, 283, it is expressly held, under such a state of facts as is here shown, that the matter of issuing the injunction is discretionary with the trial court. If that be the true rule, and we think it is, then, as no abuse of discretion is shown in this case, the order should be affirmed.

A significant thing in this case is that, although Bunting claims to have sold the building, it is still being used as a saloon.

No error appears, and the judgment and decree must be, and it is, *affirmed.*