D. L. BOWERS, Appellee, v. C. MAAS and D. L. WILLETT, Appellants.

**Intoxicating liquors:** KEEPING FOR ILLEGAL SALE: PLEADING: EVIDENCE. The petition in an action. to enjoin the maintenance of an alleged liquor nuisance, which alleged that the defendant kept intoxicating liquor with intent to sell the same in violation of law, is sufficiently specific to permit proof of illegal sale; and the allegation of keeping with intent to sell in violation of law is one· of ultimate fact .which may be established by evidence of illegal sales without specifically pleading such sales.

**Same.** The bar of the mulct statute is an affirmative defense, and a petition to enjoin the keeping of liquors for illegal sale is not objectionable because failing to show that defendant's acts were such as to deprive him of the benefit of the statute.

**Same:** ILLEGAL SALES: PRESUMPTION. From proof of illegal sales of liquor it will be presumed that the same was kept with an unlawful intent.

**Same:** PLEADINGS. The keeping of liquor with intent to sell the same in violation of law is an offense under the statute, although no sale was ever made; and a petition charging the offense is not subject to the objection that it is a mere allegation that defendant intended to violate the law.

**Same:** ABATEMENT BY DEFENDANT: INJUNCTION: DISCRETION. The plea that one keeping liquor for the purpose of illegal sale had himself abated the nuisance is addressed largely to the court; and the issuance of an injunction restraining the nuisance was not an abuse of that discretion, where the defendant's abatement of the same was immediately preceding the trial.

*Appeal from Bremer District Court.*—HON. J. J. CLARK, Judge.

FRIDAY, MARCH 15, 1912.

ACTION in equity to enjoin the maintenance of an

alleged liquor nuisance.    Decree as prayed, and defendants appeal.—*Affirmed.*

•    *Sager & Sweet,* for appellants.

*E. R. Acres,* for appellee.        •

WEAVER, J.—The petition as finally amended charged the defendants with maintaining a building or place owned by Willett and occupied by Maas, who kept therein intoxicating liquors with intent to sell the same in violation of law, and upon these allegations asked that an injunction issue restraining said defendants from further illegal acts of that nature and for other relief.    To this petition defendants filed a motion asking that plaintiff be required to state specifically: (1) Whether plaintiff's allegation of illegal acts on part of the defendants is grounded on acts or omissions of the defendants depriving them of the benefit of the mulct statute, so called, and, if so, to specify the particular act or omission relied upon.    (2) Whether he claims that the bar of the mulct statute is not available to the defendants, and if so, to specify the particular provision of the statute which has been violated or not complied with by them. · In support of this motion, an affidavit was submitted alleging that all and singular of the conditions required by law to render the bar of the mulct statute available to the defendants have been duly observed and performed, and that the more specific statement of plaintiff's cause of action asked for in said motion is necessary to enable them to prepare their defense.    This motion was overruled, and error is assigned thereon.    Thereupon an answer was filed denying the allegations of the petition and pleading the bar of the mulct statute, the conditions and requirements of which they aver have been fully complied with.    Thereafter, and after the action had been pending several weeks, and but a short time before it was called

for. trial, defendants amended their answer, pleading· as matter in abatement that, since the filing of their original answer, they had abandoned the liquor business, closed the building mentioned in the petition, removed therefrom all intoxicants of every kind, and were no longer engaged in selling intoxicating liquors or keeping them for sale, nor were they in any manner directly or indirectly interested in such business either at the building aforesaid or elsewhere in the judicial district or the state. They allege that such abandonment has been made in good faith, and in evidence thereof offer to allow judgment to go against them for costs and attorney's fees.

On the trial plaintiff offered evidence tending to show that Willett formerly operated a saloon in this building or in another on the same lot; that thereafter Maas was in charge of the business; that Willett lived near by and was frequently in and about the saloon; that intoxicated persons were seen in and about the place; that drinks were there sold or furnished to persons in the habit of becoming intoxicated; and that on occasions there was more or less of betting going on in and about the saloon. There was also evidence to the effect that the saloon was generally reputed to be a place where liquors were sold in violation of law. On part of the defendant, witnesses testified that in their opinion the saloon bore a good reputation in the community, and that the persons named as being in the habit of becoming intoxicated were not drunkards. The defendant Maas in his own behalf testified that he had closed the saloon and quit the business at 9:55 p. m. of the previous Saturday and surrendered to the town council the resolution of consent held by him and had removed from the building all liquors and saloon furniture and fixtures. He also denied having violated the law in any respect and affirmed his purpose at all times to comply with its requirements. His denials, or some of them, were supported by other witnesses. It was also stipulated between the parties that

prior to the matters complained of in the petition a statement of general consent for the sale of intoxicating liquors in Bremer county had been signed by more than 65 percent of the voters thereof, who voted at the last preceding general election, and that said statement had been duly canvassed by the board of supervisors and found sufficient. It was further stipulated that said statement was duly found to have been signed by more than a majority of the voters voting at the last preceding election in the town where the saloon in question is situated, and that before entering upon said business the defendant Maas procured a resolution of consent from the town council of said town and filed the same with the county auditor. It was also conceded that the mulct tax had been duly paid and said defendant had done each and all of the things required by law preliminary to entering the business under the protection of the statutory bar. The court found for the plaintiff and entered a decree of injunction as prayed.

I.   Concerning the ruling made by the trial court denying the defendants' motion for more specific statement, we think it is clearly in accord with our holding in *Abrams v. Sandholm*, 119 Iowa, 583, and other cases. It will be noted that the amended petition in the case before us does not either generally or specifically allege illegal sales of liquor as grounds for the relief sought, but confines its allegation to the keeping with intent to sell in violation of law. Turning to the opinion in the *Sandholm* case, we find the rule laid down that, where illegal sales are charged, and the allegation is in general terms only, the court may on motion of the defendant require the charge to be made more specific, and to that extent the ruling of the trial court was affirmed. On the other hand, as to the allegation of "keeping with intent to sell in violation of law," it was held that the motion would not lie and the order of the trial court sustaining it was reversed. Speak-

1. INTOXICATING LIQUORS: keeping for illegal sale: pleading: evidence.

ing to this point, the opinion says: "As to these allegations, it would be evidently impossible for the plaintiff to state when or to whom illegal sales were made. Whether defendant maintained the place for the purpose of making illegal sales, or for keeping with intent to make illegal sales, were matters within his own knowledge; and, as to the allegations of this paragraph of the petition, the motion to make more specific with reference to the time and persons was not well taken."

If then we are not to overrule this precedent and all other decisions in which it has been affirmed and followed, it must be held that the court did not err in refusing to require a more specific statement at the hands of the plaintiff. Moreover, the plea of the bar afforded by the mulct statute is an affirmative defense the burden of establishing which is by law cast upon him who seeks its shelter. The plaintiff is not and should not be required to plead his evidence, or to anticipate and negative in advance the defenses which may possibly be set up to his alleged cause of action.

2. Same.

But if we understand counsel, the burden of appellants' complaint, at this point, is that, the charge being limited to the keeping of intoxicating liquors with intent to sell the same unlawfully, such intent cannot rightfully be established by proof of unlawful sales or other unlawful acts or omissions not specifically alleged. But this seems to us to be no more than a restatement of the same objection in another form of words. To require plaintiff to plead other facts or acts from which the keeping with intent to sell may be presumed or inferred is to overturn the fundamental rule that the pleader is not required, and in truth ought not to be permitted, to plead his evidence. The ultimate fact charged by the plaintiff is the keeping of liquors with intent to sell in violation of law. The fact, if it be a fact, that defendants did, in the building or place mentioned, sell and deliver intoxicating liquors to others

in violation of law, is certainly very cogent evidence both of the keeping and of the intent to sell, and because of their probative value the proof of these facts is clearly admissible, though not specifically pleaded. *State v. Thompson*, 74 Iowa, 119.

If the sales shown are unlawful, the unlawful intent with which they were kept is no less to be presumed because it is proved or admitted that the person making the sale holds a pharmacy permit or has theretofore complied with all conditions of the mulct statute. *State v. Sartori*, 55 Iowa, 340.

3. SAME: illegal sales: presumption.

The attitude of the appellants herein may be best indicated by the following excerpt from the argument of counsel: "Can a person prove more, under the allegation in his petition that he intends to violate the law, than he can when he had an allegation in the petition that the law has been violated? The absurdity of the plaintiff's position in this case must be apparent to the court." This inquiry makes clear that counsel confuse allegation of ultimate fact with allegation of matters by which that ultimate fact may be proved. What is the ultimate substantive fact upon which the plaintiff grounds his petition? It is not that defendant sold liquors to drunkards, but that they kept liquors there with intent to sell the same unlawfully. The *keeping* and the *intent,* as we have already said, were the essential facts to be established to entitle plaintiff to a decree; but such intent he was entitled to prove by evidence of facts from which the intent may reasonably be inferred, and, in order so to do, he was not required to plead such evidentiary facts, nor could the court properly require him to so plead.

II. Again, counsel's inquiry indicates a misapprehension of the language of the statute or of the ground upon which the injunction was granted. They construe the charge in the petition as an attempt to procure an injunction upon an allegation that "defendants intend to violate

the law." Such is not the case. The charge is not that they intend to violate the law, but that they

4. SAME: plead-ings.   have in fact already violated it in that they are keeping the liquors with intent to sell the same unlawfully. The keeping for sale with such intent is in itself a violation of law, though no sale is ever made. Code sections 2382, 2384. We think there can be no doubt of the admissibility of the evidence or of the sufficiency of the petition to state a cause of action.

Whether the testimony showing. that certain election bets had been made in the saloon constitutes evidence of gambling, which the law prohibits, we need not at this time discuss or decide. We are satisfied from the record that the trial court was fully warranted in finding that in other respects the saloon had been so conducted that the bar of the mulct statute was no longer available to the defendants. We shall not prolong this opinion to further consider the testimony. It has already been indicated in our statement of the case, and we think the preponderance of evidence upon these issues is clearly with the plaintiff.

III. Nor can we reverse the decree below solely upon the matter pleaded in abatement. Whether effect shall be given to such plea is a question which must be left very

5. SAME: abate-ment by de-fendant: injunction: discretion.   largely to the discretion of the trial court, and there is nothing in this case to suggest that this discretion was abused. Indeed, the court could hardly be censured for thinking that a change of mind and purpose on part of the defendants which did not induce them to quit the unlawful business until five minutes before the closing hour on the night before the trial needed all the support and encouragement to be derived from a decree of injunction.

The decree appealed from is *affirmed*.