HENRY ALLSHOUSE, Appellee, v. C. E. CARRAGHER, Appellant.

**INTOXICATING LIQUORS:** Nuisance—Presumption from Possession. The finding of intoxicating liquors in a drug store, the proprietor not having authority to sell the same, raises the presumption that they were possessed with the intent to sell the same in violation of law. (Sec. 2427, Code, 1897.)

*Appeal from Floyd District Court.*—HON. M. F. EDWARDS, Judge.

FRIDAY, MARCH 19, 1915.

REHEARING DENIED FRIDAY, SEPTEMBER 24, 1915.

SUIT to enjoin an alleged liquor nuisance resulted in decree as prayed.—*Affirmed.*

*J. C. Campbell,* for appellant.

*M. S. Odle,* for appellee.

LADD, J.—The defendant operates a drug store at Rudd. Prior to February 9, 1913, he had a permit to sell spirituous liquors for medical and mechanical purposes. As objections were interposed, he abandoned his application

1. INTOXICATING LIQUORS : nuisance : presumption from possession.

for a renewal thereof. The evidence leaves no doubt that, while he had the permit, he sold intoxicating liquors in violation of law, and such was the reputation of his place of business. The maintenance of a liquor nuisance, then, was established by the evidence and the only remaining issue to be determined is whether it has been abated. The evidence is in conflict as to whether his store was still reputed to be a place where intoxicating liquors were sold; four witnesses, at least, saying it had that reputation up to the time of the hearing, and others that it has not been so reputed for a year or more; and two or three had never heard that such had been its reputation. At the time of trial, defendant had on hand 230 pints of whisky, 22 pints of brandy, and 24 pints of gin, and from this the presumption of keeping for illegal sale arose. Sec. 2427, Code. He explained, however, that he had retained the supply on hand at the expiration of his permit, without which he could not dispose of the same. Possibly he might have returned to the wholesaler from whom he purchased, or disposed thereof beyond state borders, or he might have been retaining with the hope of finally obtaining a permit. The controversy concerning the present reputation of defendant's place of business and the quantity and character of the supply on hand, when considered in connection with the undisputed fact that he had been maintaining a nuisance in violation of the trust reposed in him in granting a permit, raised grave doubts as to his

good faith and his repentance of wrong-doing, and we are not inclined to interfere with the court's conclusion that a decree should be entered restraining him from selling or keeping for sale, thereby removing all temptation to resume his former habits of defying the law, if perchance he ever ceased so doing. *Tuttle v. Bunting,* 147 Iowa 153; *Sharp v. Arnold,* 108 Iowa 203; *Drummond v. Drug Co.,* 133 Iowa 266.

The sum of $25 will be taxed as part of the costs in favor of plaintiff's attorney and the decree is—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.