OF THE

## STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, 1916

AND IN THE SIXTY-NINTH YEAR OF THE STATE.

---

E. E. DAVIDSON, Appellant, v. BENEVOLENT AND PROTECTIVE
ORDER OF ELKS, No. 374, FORT MADISON, et al., Appellees.

**INTOXICATING LIQUORS:** Nuisance—Action to Enjoin—Good-
1 Faith Abandonment of Business. The good-faith abandonment of
the unlawful sale and keeping for sale of intoxicating liquors, prior
to the commencement of an action to enjoin the same as a nui-
sance, precludes the entry of an order for injunction.

**INTOXICATING LIQUORS:** Nuisance—Action to Enjoin—Abandon-
2 ment of Business—Costs. A "sudden" but good-faith determi-
nation, duly and timely consummated, to abandon the unlawful
sale of intoxicating liquors, may save defendant from an order of
injunction, *but not from the costs of an injunction action insti-
tuted in good faith.* (In present case, defendant was converted on
the day preceding the commencement of the action.)

VOL. 174 IA.—1

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

TUESDAY, FEBRUARY 8, 1916.

SUIT in equity to enjoin an alleged liquor nuisance. The trial court dismissed the petition and taxed the costs to the petitioner, and he appeals.—*Modified* and *Remanded.*

*M. S. Odle,* for appellant.

*J. R. Frailey, Herminghausen & Herminghausen, R. N. Johnson, Geo. B. Stewart, Jesse Schlarbaum* and *J. M. C. Hamilton,* for appellees.

DEEMER, J.—I. The defendants, other than the "Elks" lodge, are officers of the same, or had charge of the distribution of drinks dispensed in the room occupied by the lodge.

1. INTOXICATING LIQUORS: nuisance: action to enjoin: good-faith abandonment of business.

It is agreed that, for some months prior to February 20, 1915, defendants conducted a club room in the building described in the petition, and that they distributed intoxicating liquors therein to members by gift or sale. It was also stipulated that the defendants held a Federal revenue stamp, covering the period of one year from July 1, 1914; that defendant Simmons had immediate charge of the liquors; that defendant Woodmansee was the chief officer of the lodge, and defendant Pratt was its secretary. It also appears that this action was commenced February 20, 1915, although the petition was sworn to on the 18th of the same month. It further appears that, on the 19th of February, the trustees of the lodge held a meeting, on the advice of the county attorney, and concluded to quit dispensing intoxicants in the building, either to their members or to others, and before the 20th, had removed all liquor from the building. They also turned over to the county attorney the receipt for liquor license issued by the Federal government and the county attorney sent it to the revenue collector for cancellation. The trustees and officers testified that the abandonment of the use of intoxicating liquor in the building was in good faith and

permanent, and that they did not intend to renew the use, although they kept the fixtures in the building and continued to dispense "soft drinks". It further appears that, nearly a year before, there was some agitation in the city of Fort Madison regarding the closing of the Elks Club, and the action of the defendants in closing their buffet was doubtless in anticipation of an action of this nature; although there is no direct testimony that any of them had knowledge that a petition had been sworn to and was about to be filed. We are satisfied from the showing made that defendants had in good faith abandoned the practice of handling intoxicating liquors in their lodge or club rooms or in the building occupied by them, and that this was done before this action was commenced, although doubtless to avoid being enjoined. And as every purpose to be gained by the issuance of the injunction has been accomplished, there is no need of a decree of court to enforce obedience to the law. *Sawyer v. Termohlen,* 144 Iowa 247, is much like the case at bar. See also *Tuttle v. Bunting,* 147 Iowa 153; *State v. Harrison,* 159 Iowa 67; and *Offil v. Westbrook,* 151 Iowa 446.

II. We do not understand why the court taxed the costs to the plaintiff. There is no showing that he knew, when he filed his petition, that defendants had abandoned their business. When he verified the petition, every

2. INTOXICATING LIQUORS: nuisance: action to enjoin: abandonment of business: costs.

allegation therein was true. So far as shown, he had no other notion than to secure the enforcement of the law, and there is nothing to indicate personal malice or ill will. In cases of such sudden conversion, it is the general, if not the universal, rule, where the court is convinced of the good faith of the defendants in abandoning their unlawful business, to tax them with the costs, including a reasonable attorney's fee. See *Fisher v. Skoglund,* 155 Iowa 440, and cases cited; *Reusch v. Loserth,* 158 Iowa 227; *Offil v. Westbrook, supra.* The trial court was right in denying the injunction, but in error in taxing the costs to the plaintiff.

The decree must, therefore, be modified so as to tax all the costs to the defendants, and the case will be remanded for an order in accordance with this opinion.—*Modified* and *Remanded.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.