BERTHA HERSCHLER, Appellant, v. LEONARD L. STALEY et al., Appellees.

EVIDENCE: Opinion Evidence—Conclusions—Ownership of Property. A witness may testify, in an action to enjoin a liquor nuisance, that the parties signing a statement of consent to the sale of intoxicating liquors (the statement being already in the record) are the only persons owning property within 50 feet of the place of sale of such liquors.

INTOXICATING LIQUORS: Action to Enjoin—Discontinuance of Business—Discretion of Court. If the trial court is satisfied, in an action to enjoin a liquor nuisance, that the defendant has, in good faith, and prior to the trial of the action, discontinued the business complained of, it may deny the injunction.

*Appeal from Plymouth District Court.*—W. D. BOIES, Judge.

SATURDAY, OCTOBER 28, 1916.

ACTION in equity to enjoin an alleged liquor nuisance. There was a trial to the court, and plaintiff's petition was dismissed. Plaintiff appeals.—*Affirmed.*

*L. H. Salinger*, for appellant.

*McDuffie & Keenan*, and *Sammis & Bradley*, for appellees.

Preston, J.—Some time in the year 1913 plaintiff filed her petition against 6 or 7 defendants, alleging that they were maintaining a nuisance in a certain building described in the petition. A temporary injunction was issued on the 31st day of May, 1913, against 4 of the defendants. During the examination of the first witness for plaintiff, counsel for plaintiff conceded of record that he had made no proper showing against defendants Conley, Becker, Randall and Swartz, and that he claimed simply, by the admissions of the defendant Staley, and by the testimony, to have established, within the time covered by the petition, sales and keeping for sale in the place in question by Staley, Dierkson and Fleege. Thereupon, plaintiff rested, and each of the defendants moved to dismiss the case, on the ground that there was no sufficient testimony to warrant the court in proceeding further with the trial. Plaintiff confessed the motion as to the 4 defendants before named, and the court sustained the motion as to all defendants except defendant Staley, and said:

"I take it from defendants' answer that it was not intended that any defendant was answering, according to the terms of Paragraph 3, except Staley. In the first line of Paragraph 3, the singular is used, and I think thereafter the plural was used inadvertently."

The motion was sustained as to all defendants except Staley. We are stating a part of this somewhat out of order, but the intention is to state the condition of the record as to who are defendants, and as nearly as may be in one place.

For answer, the defendants admitted that, before and at the date of the filing of the petition, defendant Staley occupied and controlled the premises described, as a place for the sale of intoxicating liquors. All other allegations of the petition were denied, and especially that defendants have main-

tained said premises as or in such manner as to create or constitute a nuisance, and it was further answered in considerable detail that the mulct law was in force during all the time mentioned in the petition in which it was charged that defendants were keeping liquors in the premises, and it was alleged that defendants had complied with all the provisions of the mulct law; that, about November 30, 1908, a statement of consent was considered and canvassed by the board of supervisors and adjudged sufficient; and that such finding was entered of record and has not been revoked, but would, on the 30th of November, 1913, be revoked by operation of law; that, in October, 1913, another such written statement of general consent was circulated, filed and canvassed by the board of supervisors and was found insufficient. The answer further alleged that, on the 22d day of November, 1913, defendants, in good faith, having decided to cease selling or keeping for sale any intoxicating liquors, removed from the building in question all intoxicating liquors and all fixtures theretofore used in the prosecution of said business, and that since said date defendants have not sold or kept for sale any intoxicating liquors upon or about the premises, or elsewhere, and do not intend to sell or keep for sale any intoxicating liquors within the state of Iowa, unless first authorized so to do in the manner provided by law.

The case was tried on November 26, 1913, some 4 or 5 days after defendants quit the business, and some 4 days before the expiration of the statement of consent. We find this record made at the commencement of the trial:

"Mr. Salinger: The plaintiff is now proceeding to trial on the issues as framed by the pleadings and by the denial afforded him by operation of law and the pleadings of the defendant, and at this time files no further pleading. If the court will take the answer filed in this case and indicate upon whom he deems the burden and against which defendants named, it may expedite the trial of the case.

"The Court: It is the opinion of the court that, under

the pleadings, the burden is on the defendant Staley, and not on the other defendants.

"Mr. Salinger: And that the plaintiff should then proceed against him and not as against the other defendants?

"The Court: Yes, sir."

No exception was taken by plaintiff to the ruling of the court, and thereupon the parties proceeded to introduce their testimony. It is conceded by appellant that defendant Staley

1. EVIDENCE: opinion evidence: conclusions: ownership of property.

sustained his defense that the mulct law had been in force in Plymouth County during the time of the controversy, and that compliance was had with Paragraphs 5 to 12 of Section 2448 of the Code; but it is contended that the evidence was not sufficient to show compliance with Paragraphs 2 and 3 and the first clause of Paragraph 4 of that section, in that defendant did not show that the entrance or exit of his saloon opened upon a public business street, and that there was no showing that the business was not conducted by any person holding a township, town, city or county office, or that he had the consent of all resident freeholders owning property within 50 feet. The evidence to sustain the last proposition was Exhibit C, a paper purporting to be the consent of certain persons describing themselves as resident freeholders, and the statement of a witness that all persons who owned property within 50 feet of the place had signed Exhibit C. It is thought that such evidence was the conclusion of the witness. But we think it was competent.

Appellees contend that, from the documents introduced in evidence and from the circumstances in the case and the proper inferences therefrom, they did prove the two or three matters just referred to, which plaintiff now contends that defendants did not establish. However this may be, we think the case ought to be determined upon another point.

It should be stated here that there is some claim that counsel for plaintiff was not entirely fair and above board with the trial court, in that he did not call the trial court's

attention to which of the many provisions required to be shown in the mulct law had not been covered by the defendant. The abstract of nearly 50 pages shows that counsel for defendants were introducing evidence to establish compliance with the different provisions of the mulct law, and their claim is that they were attempting to and did cover all the provisions. Written arguments were to be made, and they were made and submitted to the court on January 3, 1914. The record shows that the only argument presented by plaintiff's attorney in opposition to the claim of defendant that the saloon had been operated according to law was as follows:

"The defendant has fallen short in a good many ways of showing a legal business, and I shall not waste my time nor the court's in pointing out what must be perfectly clear to anyone who followed the testimony as carefully as I believe the court did."

The trial court's notion, as stated by him, in regard to the office of a written argument, was to afford the court assistance in solving important points in the case, and the court stated that it was disappointed that attorneys failed to argue the principal case, but devoted the arguments entirely to the collateral tendered by the defendants, that of abatement, but stated also that:

"While a failure to argue all the points in a case to the trial court would not justify the ignoring of remembered testimony, yet the court feels that, in a case of this character, where any one of a score of points may be relied upon, and none are discussed, that the court has done its duty when it makes use of its best memory, especially in this case, where counsel had the benefit of a complete transcript of the testimony in the case, and has not seen fit to submit the same to the court—nor any extract therefrom."

It is conceded that the burden is upon the defendants to show compliance with the provisions of the mulct law. In the final decree, rendered January 3, 1914, the court found, in regard to its sustaining of the motion to dismiss as to

defendants Dierksen and Fleege, that it appeared from the testimony that said defendants were employed by defendant Staley as helpers or bartenders. and that, under the testimony and the orders of the court, they were not subject to be enjoined as prayed, and then said:

"But the court now feels that there was technical error in sustaining defendant's motion to dismiss Dierksen and Fleege at the close of plaintiff's testimony, but that there was no error in that respect unless plaintiff's attorney failed to introduce further testimony in connection with Dierksen and Fleege on account of the ruling of the court. In view of this technical error of the court, the ruling of the court dismissing Dierksen and Fleege is withdrawn, in so far as to allow the plaintiff to introduce further testimony with reference to these two defendants, provided a motion for that purpose shall be filed, within thirty days, supported by affidavit stating that the plaintiff desires a further hearing and to introduce additional testimony in connection with the defendants Dierksen and Fleege. On failure to file such a motion, said defendants will stand dismissed, as heretofore ordered."

Plaintiff did not ask to introduce further testimony as to said two defendants. In the decree, the court found and stated that, as he remembered the testimony, defendant Staley operated the saloon in compliance with the provisions of the mulct law, and that he showed a compliance therewith. The trial court also found that the uncontroverted testimony shows that the defendant has abandoned the saloon business, has disposed of all stock and fixtures, the same having been removed from the building; that the evidence shows that the mulct law is no longer in force in Plymouth County outside the city of Le Mars; and the court held, under the testimony, that the nuisance, if one theretofore existed, had been abated, and dissolved the temporary injunction, and dismissed plaintiff's petition.

We think it unnecessary to review the testimony in detail on the question as to whether defendant had proved the two

or three points required to be proved in the mulct law, which

2. INTOXICATING LIQUORS: action to enjoin: discontinuance of business: discretion of court.

plaintiff now claims were not so proven. As to whether the saloon was on a public business street, it is not claimed by appellant that the premises were not in fact on a public business street, or that there is any testimony to show that it was not on such a street. The evidence shows that it was on a public street, but the thought is that it was not a business street. Witness Staley testified:

"I had one entrance, and that entrance opened onto a public street of Akron. The bar where the liquors were furnished was in plain view of the street."

In *Sowles v. Martens*, 160 Iowa 580, from the evidence introduced on the trial, describing the character of the street and the surroundings, it was found from the evidence that it was not a public business street. But in the instant case, the defendant failed to prove affirmatively that it was a business street, and the evidence is silent as to the character of the street, other than that it was a public street. The defendant claims that it was a mere inadvertence if it failed to prove that the business was not conducted by any person holding any office such as named in the statute. Conceding that the failure to prove these two matters would be sufficient to warrant an injunction, if the question of abatement was not in the case, still we think the court rightly held that defendants who were not dismissed had quit the business in good faith. Of course, it is not always true that a person's quitting the business at or before trial will prevent the issuance of an injunction; but it is a matter to some extent within the discretion of the trial court, in cases of this kind, where parties have been operating under the mulct law, and there is a failure to get a renewal of the petition of consent. We have said, in a number of cases, that the office of an injunction is not to punish for past infractions, but to prevent future violations of the law. Of course, the circumstances may be such that what a party has done will be a good indication of what he will do.

But in this case, the defendants had been operating under the mulct law and a petition of consent which did not expire until November 30th. They claimed they quit the business and removed all the liquor and fixtures on November 22d, before the consent petition would expire, and before the trial of the case. Naturally, if they had been operating under the mulct law, and the petition was not to be renewed, they would not be likely to continue their saloon. At any rate, this is a circumstance bearing upon the good faith of defendants when they say they had quit the business.

While the facts are not precisely like some of the other cases, we think the question is ruled by the holdings in *State v. Harrison,* 159 Iowa 67; *Tuttle v. Bunting,* 147 Iowa 153; *Bowers v. Maas,* 154 Iowa 640.

The defendants did not all testify, as we understand the record, that they did not intend to again engage in the business unless it was lawful to do so, and some suggestion is made by counsel for appellant that, as to such of the defendants as did not so say, there should have been an injunction. Had the trial court granted an injunction against such defendants, or any of the defendants who had not been dismissed, under the record shown, doubtless we should not have interfered with its finding. But the trial court, in the exercise of its discretion, and after seeing and hearing the witnesses and being on the ground, having dismissed the defendants on the finding that they had in good faith quit the business, we ought not to interfere. The holding is that, under the record in this case, there was no abuse of discretion.

The judgment and decree are therefore—*Affirmed.*

EVANS, C. J., DEEMER AND WEAVER, JJ., concur.