STATE OF IOWA, Appellee, v. JAMES SEIPES, Appellant.

INTOXICATING LIQUORS: Nuisance—Involuntary Abatement. The keeper of an intoxicating liquor nuisance may not escape an injunction and an order of abatement on the claim that the nuisance was fully abated *prior to the institution of injunction proceeding* by the act of the officers in seizing the liquors and paraphernalia and re-. moving the same from the premises under a search warrant. (See Book of Anno., Vol. 1, Sec. 2017, Anno. 26 *et seq.*)

Headnote 1:   33 C. J. p. 696 (Anno.)

*Appeal from Keokuk District Court.*—D. W. HAMILTON, Judge.

JANUARY 11, 1927.

Action in equity, to abate a liquor nuisance and enjoin its maintenance. From a decree granting the relief asked, the defendant appeals.—*Affirmed.*

*Stockman & Baker,* for appellant.

*Robert J. Shaw*, County Attorney, for appellee.

VERMILION, J.—It is undisputed that the sheriff and his deputy, on September 17, 1925, found, in a ravine on the farm occupied by appellant as tenant, a quantity of mash and a still in operation, with alcohol dripping from the coil into a jar. The appellant and one Dorothy, his father-in-law, were at the still, lying on the ground, talking. The mash was emptied out, and the still and the receptacles found with it were destroyed or removed by the officers at that time. This proceeding was commenced two days later.

The appellant asserts that the nuisance was abated by the officers before the commencement of this action. He also contends that the still was operated by Dorothy, without his knowledge or consent; that he did not know of it until a few days before it was found by the officers, and then ordered Dorothy to remove it, which he promised to do.

I. We have held that, where a defendant, in good faith and voluntarily, before the trial, abated the liquor nuisance which he was charged with maintaining, and quit the unlawful business and removed or destroyed the liquor, and surrendered the permit or license under which he operated, the court was justified in refusing an injunction. *Offil v. Westbrook & Co.*, 151 Iowa 446; *Davidson v. Benevolent & P. O. E.*, 174 Iowa 1. We have repeatedly said that, where there was a claim of a voluntary abatement of a nuisance shown to have been maintained by the defendant, the issuance of an injunction was discretionary with the court. *Sawyer v. Termohlen*, 144 Iowa 247; *Tuttle v. Bunting*, 147 Iowa 153; *Bowers v. Maas*, 154 Iowa 640; *Fisher v. Skoglund*, 155 Iowa 440; *State v. Harrison*, 159 Iowa 67; *Barber v. Buonanni Co.*, 179 Iowa 642. In *Donnelly v. Smith*, 128 Iowa 257, we said:

"One who has been engaged in the traffic in intoxicating liquors in open violation of law cannot avoid an injunction by simply making profession of a change of heart, and a swift change in existing conditions."

To the same effect, see *Drummond v. Richland City Drug Co.*, 133 Iowa 266, and *Bowers v. Maas*, supra. Where there is doubt as to the defendant's good faith in his claimed repentance and abatement, the injunction should issue, "to assist in remov-

ing temptation to return to old habits," and "to insure complete repentance." *Tuttle v. Bunting,* supra; *Allshouse v. Carragher,* 171 Iowa 307; *State v. Knapp,* 178 Iowa 25; *Barber v. Buonanni Co.,* supra.

All of the cases emphasize the necessity for the abatement to be in good faith and voluntary, to justify the refusal of the court to enjoin the continuance of the nuisance. We are aware of no case holding that the seizure or destruction of intoxicating liquor or the utensils used in its manufacture or sale by officers engaged in the enforcement of the law is such an abatement of the nuisance as will justify the refusal of an injunction restraining one responsible therefor from its maintenance. In *State v. Raph,* 184 Iowa 28, where the liquor had been seized and destroyed before the petition for injunction was filed, we said that it did not necessarily follow that the alleged nuisance. had been abated. The precise point was decided adversely to the contention of the appellant in *United States v. Margolis,* 289 Fed. 161, where the court said:

"Defendant's contention, if acceptable in principle, would prevent the use of abatement proceedings in any case where a search warrant was employed. If the service of the search warrant and accompanying seizure of liquors itself serves to abate the nuisance and render a court of equity impotent in the premises, then, in every case where a search warrant is used, judicial abatement may not be had."

II. Appellant was in control of the farm where the still was located. He admitted having knowledge of the barrels of mash on Tuesday, and of the "rest of the paraphernalia" on Wednesday, before the arrival of the officers on Thursday, and said he had ordered Dorothy to remove the outfit. He testified:

"I was going to get it off the place, but before I got that done, the officers came. Dorothy being my father-in-law, I was a little slow."

When the officers arrived, he was at the still with Dorothy, and the still was in active operation, apparently with his entire acquiescence. His claimed intention to require Dorothy to remove the still at some time in the future will not avail to relieve him from the consequences of a present acquiescence in the unlawful business which was being conducted on premises under his control.

The decree was right, and is—*Affirmed*.

EVANS, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.