STATE OF IOWA ex rel. VERNON R. SEEBURGER, Appellee, v. CHARLES TILLOTTA et al., Appellants.

**INTOXICATING LIQUORS:** Nuisance—Involuntary Abatement.  The
1  keeper of an intoxicating liquor nuisance may not escape an injunction and an order of abatement and the assessment of a mulct tax on the claim that the nuisance was fully abated prior to the institution of injunction proceedings by the act of the officers in seizing the liquors and paraphernalia and removing the same from the

premises under a search warrant. (See Book of Anno., Vol. 1, Sec. 2017, Anno. 26 *et seq.*)

**INTOXICATING LIQUORS**: Nuisance—Injunction—Presumption of Co-
2. ercion of Wife. A wife and her property may not escape the as-
sessment of a mulct tax consequent on the maintenance of a liquor
nuisance on the premises, on the claim that the husband was main-
taining the nuisance and that the wife was presumptively under the
coercion of the husband, it appearing that the wife had done nothing
to prevent the nuisance.

**Headnote 1:** 33 C. J. p. 696 (Anno.)   **Headnote 2:** 33 C. J. p. 700 (Anno.)

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

JANUARY 11, 1927.

Action to enjoin the maintenance of a liquor nuisance and to assess the statutory mulct tax. Decree was issued as prayed. Defendants appeal.—*Affirmed.*

*R. R. Nesbitt, A. B. Schuetz,* and *E. S. Thayer,* for appellants.

*Vernon R. Seeburger,* for appellee.

FAVILLE, J.—The defendants are husband and wife, and at the time of the commencement of this action occupied certain described real estate in Polk County, Iowa, as their residence.

1. INTOXICATING LIQUORS: nuisance: involuntary abatement.

The title to said property rested in the appellant Jennie. On March 14, 1925, two police officers of the city of Des Moines searched the said premises, and in the basement of said house found a complete still in operation, and also four barrels of mash, five pounds of yeast, a hundred pounds of corn sugar, a stove, seven one-gallon jugs containing whisky, and about two dozen empty jugs. All of the articles were found in a room off the basement of the house. All of the paraphernalia and the liquor were seized by the officers and taken from the premises to the police station. This action was instituted on the 10th day of April, 1925, and was tried on the 25th day of May, 1925.

I. Appellants filed a motion to dismiss the action, and now

contend that said motion should have been sustained, upon the
ground that it affirmatively appeared that the nuisance had
been in fact abated before the commencement of this action,
and that, therefore, injunction will not lie. It is to be noted
that the search of appellants' premises was made by the officers
on the 14th of March, 1925, at which time the illicit property
was seized and removed from the premises by the officers. The
action for an injunction was not instituted until the 10th of
April. Appellants argue that the injunctive remedy looks
solely to the future, and that, the nuisance having in fact been
abated before the institution of the action, no remedy by in-
junction could be granted. In this state, the granting of an
injunction against the maintenance of a liquor nuisance is the
subject of special legislative enactment. The injunction granted
in such a case looks not only to the present, but to the future as
well, and by virtue of the statute, Section 2020, Code of 1924,
is binding on the defendant throughout the state, as well as
against the maintenance of a nuisance in the specific premises
that may be involved in the case. The statute is broad and
comprehensive in its terms and in its intendment, and should
be so construed as to effectuate its obvious purpose. We cannot
acquiesce in the appellants' contention that, no matter by whom
or in what manner the existing nuisance has been "abated," if
it has in fact ceased to exist prior to the commencement of the
action for injunction, this fact alone, as a matter of law, defeats
the action, and that in every such instance the injunction must
be denied as a matter of legal right. It is to be noticed that the
so-called "abatement" of the nuisance was not by any volun-
tary act of the defendants'. The property was seized and re-
moved from the premises by the officers, and was still subject
to a final order of abatement, under Code Section 2032. The
liquor and paraphernalia seized by the officers were proper evi-
dence to be used in the trial of the injunction suit. We are not
prepared to hold that the removal of the illegal liquor and
property from the appellants' premises shortly prior to the
institution of the action for an injunction was such an "abate-
ment" of the existing nuisance as to prevent the court from
granting an injunction against the premises and against the
defendants throughout the state. The action for injunction in
the instant case was brought within a reasonable time after the

evidence of the existence of the nuisance had been discovered by the search of the premises by the officers. The original notice in the injunction proceeding might well have been served contemporaneously with the search and seizure of the property. The contention of the appellants that the action for injunction would not lie because, at the time the suit was commenced, the nuisance had been abated by the action of the officers in removing the illegal property from the premises, cannot be sustained. We have recognized the rule that, where a defendant has, in good faith, abated a nuisance after the commencement of the suit for injunction, it rests within the discretion of the court to determine whether or not an injunction shall be granted. *Davidson v. Benevolent & P. O. E.,* 174 Iowa 1; *State v. Frahm,* 109 Iowa 101; *Sharp v. Arnold,* 108 Iowa 203; *State v. Severson,* 88 Iowa 714; *Shear v. Brinkman,* 72 Iowa 698. Appellants argue that the rule applies only in cases in which the abatement of the nuisance had been made *after* the commencement of the suit. It should not be so limited. No case has been cited by appellants where the alleged "abatement" has been an involuntary one by the seizure of the illicit property by the officers. The existence of the nuisance at the date of the search was clearly established. The presumption is that the condition then existing would have continued, but for the act of the officers in removing the illegal property and thereby rendering the further maintenance of the nuisance impossible. Had the appellants been left in possession of the illegal property, and had they voluntarily abated it before the commencement of the action, the same being instituted within a reasonable time, it would still be within the discretion of the trial court to determine whether or not an injunction should be decreed. In *State v. Knapp,* 178 Iowa 25, the abatement of the nuisance was voluntary, and before the action for injunction was commenced; and we held that the trial court was justified in finding that the defendants' repentance was too late, and that a decree and order of abatement was properly issued. As bearing on the proposition, see, also, *Tuttle v. Bunting,* 147 Iowa 153; *Bowers v. Maas,* 154 Iowa 640; *Judge v. Kribs,* 71 Iowa 183; *Donnelly v. Smith,* 128 Iowa 257; *Sawyer v. Botti,* 147 Iowa 453; *Elwood v. Price,* 75 Iowa 228; *McCracken v. Miller,* 129 Iowa 623. We

hold that the injunction was properly granted, under the record in this case. See *State v. Seipes*, 202 Iowa 1199.

II. The title to the property in which the nuisance was maintained was in the appellant Jennie. It is admitted that "she knew of the existence of the nuisance some days before the officers came to the house, but she in no way participated in her husband's wrongful acts." It is contended that the appellant Jennie is presumed to have been under the coercion of her husband, and that her property should not be held subject to the penalties provided for the maintenance of a nuisance, because it was impossible for her to have prevented her husband from maintaining the nuisance upon her premises. We cannot sustain the contention of the appellant Jennie in this regard. There is no evidence whatever in the record of any attempt made on her part to do any act or thing to prevent the maintenance of a nuisance in the premises, except that she claims to have objected to her husband *for* maintaining it. The appellant Jennie comes clearly within the express terms and provisions of the statute. Sections 2032 and 2051, Code of 1924. She knew that her codefendant was maintaining a nuisance upon her premises, and had been for a considerable length of time. She offers no legal reason whatever why the decree of injunction, the order of abatement, and the assessment of a mulct tax and costs against the premises should not have been ordered by the court. We find no basis in the record to disturb the decree of the trial court in any respect, and it must be, and it therefore is,—*Affirmed.*

EVANS, C. J., and STEVENS, DE GRAFF, and VERMILION, JJ., concur.

*2. INTOXICATING LIQUORS: nuisance: injunction: presumption of coercion of wife.*